THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAZZ B. JACKSON, Defendant-Appellant.

Third District   No. 3—84—0725

Opinion filed June 25, 1985.

Robert Agostinelli and Peter A. Carusona, both of State Appellate Defender's Office, of Ottawa, for appellant.

John X. Breslin and Howard R. Wertz, both of State's Attorneys Appellate Service Commission, for the People.

JUSTICE STOUDER delivered the opinion of the court:

The defendant, Jazz Jackson, was convicted following a jury trial of possession of more than 30 but less than 500 grams of a substance containing cannabis. The defendant was acquitted of possession with intent to deliver. A four-year term of imprisonment was subsequently imposed upon the defendant. On appeal, the defendant argues that he was not proved guilty beyond a reasonable doubt and that the trial court erred in not giving both paragraphs of the circumstantial evidence instruction. We affirm.

At trial, the arresting police officer, Joseph Pasquesi, testified that on the afternoon of July 12, 1984, he and another officer drove by the Toy Box Lounge. At that time, Pasquesi observed the defendant walking across the street to the lounge with his hands underneath his T-shirt. Pasquesi then followed the defendant into the lounge. Once inside, Pasquesi noticed that the defendant's right hand was outstretched with the palm down, close to his body. Directly below the defendant's hand, a bag was falling to the ground. The officer also saw two manila envelopes on the ground at the defendant's feet. Inside the bag were 18 additional manila envelopes.

Shortly after the defendant's arrest, the contents of the envelopes were combined, weighed and tested. The contents weighed 33.7 grams. Steven Eavedisian, a forensic chemist for the State, testified that he viewed a portion of the combined material under a microscope, and that this test sample contained the basic characteristics of cannabis. Eavedisian then performed a Duquenois-Levine test on the sample, and the substance tested positive for cannabis. Eavedisian finally conducted a thin layer chromotography test on the sample. Again, the result of this test was positive for the presence of cannabis. Eavedisian also testified that he performed a microscopic examination of all the material in September 1984. This analysis indicated that all of the substance was cannabis.

During the instructions conference, the defendant objected to the State's instruction, which contained only the first paragraph of the

circumstantial-evidence instruction. The defendant argued that the second paragraph should also be given.

The jury acquitted the defendant of the delivery charge but convicted him of possession of more than 30 but less than 500 grams of a substance containing cannabis. The trial court sentenced the defendant to a four-year term of imprisonment. The defendant filed the instant appeal.

The defendant first argues that the State failed to prove beyond a reasonable doubt his possession of more than 30 but less than 500 grams of cannabis because there was not sufficient proof that each of the 20 envelopes contained cannabis. According to the defendant, the State failed to prove that the substance containing cannabis weighed more than 30 grams. The defendant concludes that because the contents of the envelopes were combined before testing and because the microscopic examination of the entire amount was insufficient to establish that it was cannabis, the State merely proved that one of the envelopes contained cannabis.

■■ It is well established that the positive identification of cannabis requires the aid of both chemical and microscopic analysis: "To determine accurately that a particular substance contains cannabis, all that is necessary is microscopic examination combined with the Duquenois-Levine test." (*People v. Park* (1978), 72 Ill. 2d 203, 213, 380 N.E.2d 795, 800.) A chemist or technician, however, need not test every capsule or every gram of a substance in order to give an opinion as to the whole. (*People v. Games* (1981), 94 Ill. App. 3d 130, 418 N.E.2d 520.) This is a rule of reason and practicality.

■■ We find in the case at bar that the State adequately tested the contents of the envelopes for cannabis. Although the State conducted only a microscopic examination of the substance in September 1984, the tests made in July 1984 met the standard of chemical and microscopic analysis. The examination of the test sample in July was also sufficient to establish that all of the substance contained cannabis because the contents of the envelopes were combined before testing, and the sample subjected to analysis was selected at random from the combined material. The cases relied upon by the defendant are distinguishable because they involved fact situations where testing was done on the contents of some containers but not others. The instant testing procedures conducted in July thus proved beyond a reasonable doubt that the substance recovered from the defendant contained cannabis and weighed more than 30 grams.

■■ The defendant also argues that it was error for the trial court to refuse the second paragraph of Illinois Pattern Jury Instruction,

Criminal, No. 3.02 (2d ed. 1981), pertaining to circumstantial evidence. The paragraph in question reads:

"You should not find the defendant guilty unless the facts or circumstances proved exclude every reasonable theory of innocence."

Both paragraphs of this jury instruction need be given only where all of the evidence against the defendant is circumstantial. (*People v. Jenkins* (1983), 117 Ill. App. 3d 33, 452 N.E.2d 867.) In the case before us, the testimony of the arresting police officer constituted direct evidence. The refusal by the court of the second paragraph was, therefore, proper. We note further that even if the instant evidence was entirely circumstantial, the failure to give the second paragraph does not automatically constitute reversible error. *People v. Jones* (1980), 84 Ill. App. 3d 896, 406 N.E.2d 112.

Accordingly, the judgment of the circuit court of Peoria County is affirmed.

Affirmed.

BARRY and WOMBACHER, JJ., concur.