THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LARRY LITTLE, Defendant-Appellant.

Third District   No. 3—84—0671

Opinion filed January 6, 1986.

HEIPLE, P.J., dissenting.

Robert Agostinelli and Peter A. Carusona, both of State Appellate Defender's Office, of Ottawa, for appellant.

John A. Barra, State's Attorney, of Peoria (John X. Breslin and Howard R. Wertz, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE BARRY delivered the opinion of the court:

Following a jury trial, the defendant, Larry Little, was convicted of unlawful possession of less than 30 grams of heroin and unlawful possession of more than 10 but less than 30 grams of cannabis. The defendant was subsequently sentenced to three years of imprisonment for the heroin conviction and a concurrent term of 364 days for the possession of cannabis. Court costs of $265.80 were also assessed against the defendant. On appeal, the defendant argues that the State failed to prove beyond a reasonable doubt his possession of more than 10 but less than 30 grams of cannabis and that the court's assessment of costs for the State's Attorney's fees should be reduced. We affirm.

At trial, Peoria Police Officer Craig Collins testified that on November 18, 1983, he observed the defendant on the sidewalk near the Toy Box Tavern. Because there was an outstanding traffic warrant for the defendant, Collins told the defendant to come towards him. Before approaching the officer, the defendant reached into his pants pocket and then dropped 11 small manila envelopes, a plastic bag, and some money to the ground. Upon searching the defendant, Collins found three more envelopes in the defendant's rear pants pocket.

At the police station, the contents of the 11 envelopes were combined, weighed and tested. The combined contents and the three envelopes found on the defendant were sent to the Morton crime lab for analysis. According to the stipulated testimony of Donna Reese, a forensic chemist, the contents from the 11 envelopes were subjected to microscopic examination and a series of chemical tests. The contents which weighed 13.4 grams tested positive for cannabis. The same tests were performed on each of the three envelopes found on the

defendant. The contents of these envelopes weighed 3.7 grams and also tested conclusively for cannabis.

The defendant initially contends on appeal that he was not proved guilty beyond a reasonable doubt of possessing more than 10 but less than 30 grams of cannabis because the 11 envelopes were not individually tested. According to the defendant, the analysis of the combined contents only proved that one of the 11 envelopes contained cannabis. The defendant requests that the cause be remanded for resentencing on possession of more than 2.5 but less than 10 grams of cannabis based upon the three envelopes which were individually analyzed.

■■ We find the defendant's argument to be without merit. As we stated in *People v. Jackson* (1985), 134 Ill. App. 3d 785, 481 N.E.2d 1222, a chemist need not test every capsule or every gram of a substance in order to give an opinion as to the whole. In the instant case, the contents of the 11 envelopes were combined before testing. The ensuing analysis of the combined material was not improper and adequately established that all of the substance contained cannabis. Based on these facts, it was not necessary to individually test each of the 11 envelopes for the presence of cannabis. The record further indicates that the examination conducted by the Morton crime lab met the required standard of both chemical and microscopic analysis. See *People v. Park* (1978), 72 Ill. 2d 203, 380 N.E.2d 795.

The cases cited by the defendant are distinguishable because they involved fact situations where testing was done on the contents of some containers but not others. (*People v. Ayala* (1981), 96 Ill. App. 3d 880, 422 N.E.2d 127; *People v. Games* (1981), 94 Ill. App. 3d 130, 418 N.E.2d 520.) The State in the case at bar thus proved beyond a reasonable doubt that the 11 envelopes contained 13.4 grams of cannabis.

■■ The defendant's second issue on appeal is that the costs assessed against him for State's Attorney's fees should be reduced. The instant fees were calculated at $25 per count for each day of trial. Since the defendant was charged with two counts and his trial was two days in length, he was assessed costs of $100. The defendant maintains, however, that the two counts constitute one case and that he is, therefore, entitled to a refund of $50. We disagree.

Section 8 of the "State's and Prosecuting Attorneys Act" governs the computation of prosecution costs:

"For each day actually employed in the trial of a case, $25; in which case the court before whom the case is tried shall make an order specifying the number of days for which a per diem shall be allowed.

* * *

No fees shall be charged on more than 10 counts in any one indictment or information on trial and conviction; nor on more than 10 counts against any one defendant on pleas of guilty." (Ill. Rev. Stat. 1983, ch. 53, par. 8.)

The above provisions thus provide for both a conviction fee based upon the number of counts and for a *per diem* fee based upon the length of the trial. In *People v. Nicholls* (1978), 71 Ill. 2d 166, 374 N.E.2d 194, the Illinois Supreme Court considered the trial costs statute. The court held that because no fees could be charged on more than 10 counts in any one indictment, the prosecution would be entitled to a fee taxed as costs "for each count on which a conviction is obtained." This analysis by the *Nicholls* court clearly rejects the instant defendant's position that two counts in an information constitute one case for the purpose of assessing trial costs.

We find, therefore, that the defendant in the case at bar is not entitled to a reduction in the State's Attorney's fees. The trial court's assessment of $100 was properly calculated on the basis of $25 per count for each day of trial. Contrary to the defendant's argument, the conviction-fee provision of $25 per count does not modify or conflict with the $25 *per diem* fee for each day actually employed in the trial of a case.

Accordingly, the judgment of the circuit court of Peoria County is affirmed.

Affirmed.

SCOTT, J., concurs.

PRESIDING JUSTICE HEIPLE, dissenting:

Persons violating the law for unlawful possession of cannabis are subject to a sliding scale of penalties based on the quantity of cannabis possessed. Ill. Rev. Stat. 1983, ch. 56½, par. 704.

In the instant case, the defendant, Larry Little, was apprehended with 14 small manila envelopes. Donna Reese, a forensic chemist for the police, dumped the contents of 11 of these envelopes into a common container, weighed the combined contents out at 13.4 grams and tested a sample which was found to contain cannabis. Three other envelopes were individually weighed and tested. These latter three envelopes each tested positive for cannabis and had a combined weight of 3.7 grams.

The prosecution then charged the defendant with unlawful posses-

sion of more than 10 but less than 30 grams of cannabis, a Class A misdemeanor, for which the defendant was convicted and sentenced to 364 days of imprisonment.

The defendant correctly points out that when the contents of the 11 manila envelopes were combined by the police before they were individually weighed and tested, that the prosecution lost any basis to charge the defendant with possession of any specific quantity of a substance containing cannabis as to those 11 envelopes. The State, after all, is required to prove its case beyond a reasonable doubt. We may speculate that each of those 11 envelopes contained cannabis. That, however, amounts to guess and conjecture which will not do. It is possible that only one of those 11 envelopes contained cannabis and we do not know the weight of any of them. Hence, allowing for the other three envelopes that were individually tested and weighed and discounting the weight of the 11 envelopes which we do not individually know, the maximum offense that the defendant can be held to account for under this statute is possession of less than 10 grams which is a Class B misdemeanor.

Therefore, the defendant's conviction for a Class A misdemeanor should be reduced to a Class B misdemeanor and his sentence of 364 days should be reduced to the permissible sentence of a maximum of six months.

The majority here chooses to rely on *People v. Jackson* (1985), 134 Ill. App. 3d 785, 481 N.E.2d 1222. That case was similarly wrong and should not be followed. The attempt to distinguish this case from *People v. Games* (1981), 94 Ill. App. 3d 130, 418 N.E.2d 520, is unsuccessful. *Games* is diametrically contrary to the ruling announced here and is irreconcilable also with the ruling in *Jackson*.

I cannot believe that the majority here would have allowed the police to combine one of these manila envelopes with say, a five pound bag of flour or sugar, had such an item also been in the defendant's possession. That, however, is where their logic leads them.

Accordingly, I dissent from that portion of the majority opinion.