THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CHARLES GREGORY JONES, Defendant-Appellant.

Fourth District   No. 4—93—0099

Opinion filed May 5, 1994.

Daniel D. Yuhas and Lawrence Bapst, both of State Appellate Defender's Office, of Springfield, for appellant.

Richard J. Ringhausen, State's Attorney, of Jerseyville (Norbert J. Goet-

ten, Robert J. Biderman, and Jeffrey K. Davison, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LUND delivered the opinion of the court:

Following a bench trial in the circuit court of Jersey County, defendant Charles Gregory Jones was convicted of unlawful possession with intent to deliver more than 1 gram and less than 15 grams of a substance containing cocaine. (Ill. Rev. Stat. 1991, ch. 56$^1$/2, par. 1401(c)(2).) He now appeals, claiming the trial court erred in finding that the State had proved beyond a reasonable doubt that he possessed in excess of five grams of a substance containing cocaine and, therefore, was not eligible for probation in accordance with the provisions of section 5—5—3(c)(2)(D) of the Unified Code of Corrections (Ill. Rev. Stat. 1991, ch. 38, par. 1005—5—3(c)(2)(D)).

Defendant does not argue that the evidence was insufficient to convict him of possession with intent to deliver. He merely contests the court's finding as to the weight of the substance. Therefore, it is unnecessary to detail the evidence presented at trial.

The testimony relevant to our disposition of defendant's appeal is that of D'Wayne Abrams, a forensic scientist at Metro-East Forensic Lab. He testified that he received 14 packets containing a powdery white substance from the Jerseyville police department which had been found in defendant's possession. One of the packets was empty. He weighed each individual packet and then performed a thin-layer chromatography (TLC) test on material from each of the 13 packets. This test showed that all the packets contained cocaine. He then performed an infrared spectro-photography (IR) test on material from four of the packets. These tests showed the packets contained a white powder containing cocaine, having a total weight of 5.1 grams. Abrams testified that after he ran the IR test, the analysis produced a graph; he then compared that graph to a standard. After doing so, he came to the conclusion within a reasonable degree of scientific certainty that the substance contained cocaine. It is standard policy in his lab and in his field to subject only a random sample of a substance to the definitive IR test.

At the conclusion of the trial, and again at sentencing, defense counsel argued to the trial court that the State had failed to prove beyond a reasonable doubt that the weight of the cocaine exceeded five grams. He referred to Abrams' report of his analysis and noted the weight of the substances contained in the four packets subjected to the IR test was only 2.0803 grams. The trial court rejected this argument, and defendant was later sentenced to four years' imprisonment.

On appeal, the State responds to defendant's argument concerning the weight of the cocaine by citing *People v. Jackson* (1985), 134 Ill. App. 3d 785, 481 N.E.2d 1222. In that case, defendant was convicted of possession of more than 30 but less than 500 grams of a substance containing cannabis. The cannabis was in 20 plastic bags. Contents of the bags were combined and then weighed and tested. Microscopic and chemical tests revealed the substance contained cannabis. On appeal, defendant argued the tests were inadequate to prove him guilty of possession of more than 30 grams, because the envelopes had been combined and the microscopic examination failed to prove one of the envelopes contained cannabis. The court rejected this argument, noting the general rule is that a chemist need not test every capsule or gram of a substance in order to give an opinion as to the whole. The tests performed were adequate, because contents of the envelopes were combined prior to testing and the sample selected at random from the combined material. The court found cases relied upon by defendant distinguishable because, in those cases, testing was done on the contents of some containers but not others. *Jackson*, 134 Ill. App. 3d at 787, 481 N.E.2d at 1224.

We fail to see the correlation between *Jackson* and the instant case. Here, samples in the 13 packets were not combined, but remained in their separate packaging throughout the testing process. The State insists the instant case exceeds the standards as set forth in *Jackson*, because each individual packet was preliminarily tested for cocaine prior to four of them being subjected to the conclusive test. Noting that *Jackson* would have permitted combining the packets prior to testing, the State points out there was no combining in the instant case. The State's argument is puzzling, since the essence of the *Jackson* case was that all packets had been combined and random samples from each were therefore subjected to all tests. It was on this basis that the court found the testing to be adequate. Here, the State concedes that material from only 4 of the 13 packets was subjected to the conclusive test, thus making any similarity to the *Jackson* case a figment of the State's imagination.

■ Where there is an included offense for possessing a smaller amount, the weight of the substance containing the drug is an essential element of the offense which the State must prove beyond a reasonable doubt. (*People v. Hill* (1988), 169 Ill. App. 3d 901, 911, 524 N.E.2d 604, 611.) Here, defendant was charged with possession with intent to deliver more than 1 gram but less than 15 grams of a substance containing cocaine, a Class 1 felony. (Ill. Rev. Stat. 1991, ch. 56$^1$/$_2$, par. 1401(c)(2).) Possession of any lesser amount of cocaine is a Class 2 felony. (Ill. Rev. Stat. 1991, ch. 56$^1$/$_2$, par. 1401(d).) In

addition, the weight of the substance has a significant effect on punishment, as a defendant is not eligible for probation if the amount possessed is more than five grams.

■ We note the general rule that a chemist or technician need not test every capsule or gram of a substance in order to render an opinion as to the whole. (See *Hill*, 169 Ill. App. 3d at 912, 524 N.E.2d at 611; *People v. Young* (1991), 220 Ill. App. 3d 488, 496, 581 N.E.2d 241, 247.) However, as pointed out in those cases, that rule has its limitations. The courts have applied this rule primarily where the substance tested was a homogeneous substance, such as capsules or tablets with the same physical characteristics as to size, shape, markings, and density (see *People v. Kaludis* (1986), 146 Ill. App. 3d 888, 497 N.E.2d 360; *People v. Ohley* (1973), 15 Ill. App. 3d 125, 303 N.E.2d 761), or where a random sample from each container submitted for analysis has been tested (see *People v. Yosell* (1977), 53 Ill. App. 3d 289, 368 N.E.2d 735; *People v. Saldana* (1986), 146 Ill. App. 3d 328, 496 N.E.2d 757).

■ Where separate bags or containers of suspected drugs are submitted for laboratory analysis, a sample from each container must be conclusively tested to prove it contains a controlled substance. *Hill*, 169 Ill. App. 3d at 911, 524 N.E.2d at 611; see *People v. Ayala* (1981), 96 Ill. App. 3d 880, 422 N.E.2d 127.

In *Hill*, defendants were convicted of possession with intent to deliver more than 30 grams of cocaine. The chemist who tested the containers performed a preliminary screening test on all containers, which indicated they contained cocaine. However, she did not perform the definitive IR test on some of the packets received. She admitted during her testimony that using the preliminary tests only would not prove to a reasonable scientific certainty that the substance contained cocaine. On appeal, the court found the testing inadequate to prove beyond a reasonable doubt that the substances in the containers not subjected to the IR test contained cocaine. It held that these substances could not be counted in determining the total weight of the drug defendants were charged with possessing. Accordingly, the court reduced defendants' convictions to possession of less than 30 grams of cocaine. *Hill*, 169 Ill. App. 3d at 913, 524 N.E.2d at 612.

In *Ayala*, defendant was convicted of possession of more than 30 grams of heroin. One of his arguments on appeal was that the chemical testing of the substance containing the heroin was inadequate to sustain the State's burden of proof. The chemist had received two bags. He subjected a portion of the substance in both bags to a series of preliminary tests, which indicated that heroin might be present. He then subjected a sample from only one of the bags to the

conclusive test. The result of that test was that the substance tested was in fact heroin. At trial, the chemist testified that in his opinion both bags contained heroin. The appellate court found the test inadequate to prove beyond a reasonable doubt that the substance in the bag not subjected to the conclusive test was heroin. *Ayala*, 96 Ill. App. 3d at 882, 422 N.E.2d at 129.

■ The fact situation here is similar to those in *Hill* and *Ayala*. Abrams admittedly subjected only 4 of the 13 packets to the conclusive IR test, yet he sought to give his opinion at trial that all 13 packets contained cocaine. On cross-examination, he testified that after performing the IR test he came to the conclusion, within a reasonable degree of scientific certainty, that the packets contained cocaine. Accordingly, the State proved only that defendant possessed 2.0803 grams of cocaine. While this does not reduce the degree of the offense, the cause must be remanded for resentencing as the trial court erred in finding the State had proved defendant guilty of possession of more than five grams and that defendant was therefore not eligible for probation. On remand, the trial court will now have the opportunity to consider this additional sentencing alternative.

The judgment of the circuit court convicting defendant of unlawful possession with intent to deliver more than five grams of cocaine is modified to a judgment convicting defendant of possession with intent to deliver more than one but less than five grams of cocaine. As modified, the judgment is affirmed and the cause remanded to the circuit court for resentencing.

Affirmed as modified; remanded in part with directions.

KNECHT and COOK, JJ., concur.