(No. 42494.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* KENNETH EARSHL ALLISON, JR., Appellant.

*Opinion filed September 22, 1970.*

FRANK J. KOPECKY, of Champaign, for appellant.

LAWRENCE E. JOHNSON, State's Attorney, of Urbana, (EMERSON L. MOORE, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE WARD delivered the opinion of the court:

The defendant, Kenneth Earshl Allison, Jr., after a bench trial in the circuit court of Champaign County, was found guilty and fined for disorderly conduct in violation of the Criminal Code of Illinois. (Ill. Rev. Stat. 1969, ch. 38, par. 26—1(a)(1).) In this appeal he claims he was unconstitutionally placed in double jeopardy because he had previously pleaded guilty and been fined for disorderly conduct in violation of a municipal ordinance of the city of Champaign. (Champaign City Code 1964, sec. 22.201.) Concededly, both prosecutions were based on the same conduct of the defendant. The constitutional question gives this court jurisdiction on direct appeal. Ill. Rev. Stat. 1969, ch. 110A, par. 603.

Section 10 of article II of the Illinois constitution and the fifth amendment of the Federal constitution prohibit one being placed twice in jeopardy for the same offense. Our constitution declares that "no person shall be * * * twice put in jeopardy for the same offense" (Ill. Const., art. II, sec. 10) and the fifth amendment provides: "nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb * * *." (U.S. Const., amendment V.) The Supreme Court has held that the double jeopardy provision of the fifth amendment is applicable to the States through the fourteenth amendment. *Benton* v. *Maryland,* 395 U.S. 784, 23 L. Ed. 2d 707, 89 S. Ct. 2056.

The ordinance and the statute under which the prosecutions were brought are substantially similar. Section 22.201 of the Champaign City Code provides: "It shall be unlawful for any person to be guilty of disorderly conduct or of any conduct tending toward a breach of the peace." Section 26—1 of the Criminal Code of Illinois declares: "(a) A person commits disorderly conduct when he knowingly: (1) Does any act in such an unreasonable manner as to alarm or disturb another and to provoke a breach of the peace * * *." The penalties for violations of the ordi-

nance and the statute are limited to fines which may not exceed $500.

Recently, the United States Supreme Court held that successive prosecutions for the same offense by a State and by a municipality within that State are prohibited by the double jeopardy clause. (*Waller* v. *Florida*, 397 U.S. 387, 25 L. Ed. 2d 435, 90 S. Ct. 1184, 38 U.S.L.W. 4263.) The State would avoid this conclusion on the ground that the constitutional prohibitions against double jeopardy are not invocable where, as here, one of the prosecutions of a defendant has been for the violation of a municipal ordinance which is punishable only by a fine. However, we do not find anything in *Waller* to suggest that a municipal ordinance designed to provide only for a fine was not to be comprehended in the Supreme Court's holding. Accordingly, we consider that the subsequent prosecution of the defendant under the Illinois Criminal Code placed him twice in jeopardy, in violation of his rights under the Illinois and Federal constitutions. The judgment of conviction in the latter prosecution, which is the subject of this appeal, must therefore be vacated.

The judgment of the circuit court of Champaign County is reversed.

*Judgment reversed.*