THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DAVID LEON KING, Defendant-Appellant.

(No. 11372;

Fourth District—November 5, 1971.

Morton Zwick, Executive Director of Defender Project, of Chicago, (John F. McNichols and Bruce L. Herr, of Defender Project, of Springfield, of counsel,) for appellant.

Lawrence E. Johnson, State's Attorney, of Urbana, (James R. Burgess, Jr., Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Defendant was convicted of deviate sexual assault. (Ill. Rev. Stat. 1969, ch. 38, par. 11—3.) Sentence of 5 to 14 years was imposed. He appeals.

The events at issue occurred in the Champaign City Jail. The defendant was charged under municipal ordinances with (1) fighting and (2) indecent conduct. Defendant pleaded guilty to fighting on December 2, 1968. Thereafter evidence was heard on the charge of indecent conduct and the case taken under advisement. The record shows that on December 19, 1969, the city attorney in open court moved to strike the cause for the reason "that defendant is serving a penitentiary sentence for the indecent conduct in this cause." The motion was allowed and the cause was stricken.

The defendant was indicted for deviate sexual assault in January, 1969. Prior to trial, in April, 1969, his motion to bar prosecution on the grounds of double jeopardy was denied.

In oral argument, the prosecution concedes that the indecent conduct of the municipal charge was the same conduct as the indicted charge of deviate sexual assault.

*Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707, held the fourteenth amendment made the double jeopardy provision of the fifth amendment applicable to the States. In *People v. Allison,* 46 Ill.2d 147, 263 N.E.2d 80 our Supreme Court followed the rule of Benton and reversed a conviction under the Criminal Code following a conviction under a municipal ordinance for the same conduct.

■■ The prosecution argues that *Benton* was not announced as retroactive, nor did the Supreme Court so determine in *Waller v. Florida,* 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435. The issue has now been resolved and the rule of *Benton* has been made retroactive. *Price v. Georgia,* 398 U.S. 323, 90 S.Ct. 1757, 26 L.Ed.2d 300.

■■■ It has been argued that there has been no conviction of sentence imposed following the evidentiary hearing upon the municipal charges, and that defendant has not been placed twice in jeopardy illegally. Where a criminal charge is heard without a jury, jeopardy attached when the defendant is subjected to a charge and the court has begun to hear the evidence. *People v. Laws,* 29 Ill.2d 221, 193 N.E.2d 806. In this record, such is the fact.

The judgment of the circuit court is reversed.

Judgment reversed.

SMITH, P. J., and CRAVEN, J., concur.