(No. 49389.-

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. ERNEST LLOYD NICHOLLS, Appellant.

*Opinion filed March 23, 1978.*

168

Michael J. Rosborough, Deputy Defender, of the Office of the State Appellate Defender, of Mt. Vernon, for appellant.

William J. Scott, Attorney General, of Springfield, Michael J. Henshaw, State's Attorney, of Harrisburg, Kelly D. Long, State's Attorney, of Hillsborough, Howard L. Hood, State's Attorney, of Murphysboro, Nicholas G.

Byron, State's Attorney, of Edwardsville, W. C. Spomer, State's Attorney, of Cairo, Robert H. Rice, State's Attorney, of Belleville, Herbert J. Lantz, Jr., State's Attorney, of Chester, Robert F. A. Stocke, State's Attorney, of Louisville, and Frank G. Schniederjon, State's Attorney, of Effingham (Donald B. Mackay and Charles H. Levad, Assistant Attorneys General, and Bruce D. Irish and Robert J. Anderson, of Illinois State's Attorneys Association, of Mt. Vernon, of counsel), for the People.

MR. JUSTICE RYAN delivered the opinion of the court:

Defendant, Ernest Nicholls, was found guilty of murder and sentenced to 100 to 150 years in the penitentiary. On direct appeal to this court, his conviction was affirmed (*People v. Nicholls* (1970), 44 Ill. 2d 533). His petition for post-conviction relief was denied by the circuit court of Madison County. He appealed, *in forma pauperis,* and the Appellate Court for the Fifth District affirmed the denial (*People v. Nicholls* (1975), 33 Ill. App. 3d 650). Shortly thereafter the State filed petitions in the Appellate Court for the Fifth District in 28 criminal cases, including that of defendant Nicholls, in which the defendants had been unsuccessful in their appeals in that appellate court. The petitions sought judgment for State's Attorneys' fees of $60 in each case ($50 for defending the appeal and $10 *per diem* fee) (Ill. Rev. Stat. 1975, ch. 53, par. 8). All 28 petitions were consolidated for hearing and disposition. In a supplemental opinion the appellate court held that the State is entitled to have the State's Attorneys' fees assessed against unsuccessful criminal appellants, including indigents. One justice dissented. *People v. Nicholls* (1977), 45 Ill. App. 3d 312.

All of the issues decided by the appellate court and argued in this court were involved in the 28 consolidated cases. However, the supplemental opinion directed that it

be filed only in the defendant Nicholls' case and that similar orders be entered in the other cases. Review in this court has been sought only by Nicholls. Due to the nature of the offense of which he was convicted and the sentence imposed, it is highly unlikely that any questions concerning satisfaction of a judgment for costs from bail is relevant to this case. Also, certain other issues raised are not relevant here. However, these issues are relevant to some of the other 27 cases that were considered with the Nicholls case in the appellate court, and further proceedings in those cases have been stayed pending our disposition of this case. We will therefore consider all of the issues that have been raised on appeal.

The issues which the defendant has presented to this court are:

(1) Whether the State's Attorney's fee for defending an unsuccessful appeal by a convicted criminal defendant may be assessed as costs;

(2) Whether a bail deposit posted for an accused may be used to satisfy the obligation for the State's Attorney's fee, notwithstanding the defendant's alleged indigency;

(3) Whether the State's Attorney is entitled to his fee when a convicted defendant is partially successful on appeal.

Several statutory provisions are relevant. The criminal costs statute provides:

"When any person is convicted of an offense under any statute *** the court shall give judgment that the offender pay the costs of the prosecution." (Ill. Rev. Stat. 1975, ch. 38, par. 180–3.)

Section 8 of "An Act concerning fees and salaries ***" provides:

"State's attorneys shall be entitled to the following fees:

*   *   *

For each case of appeal taken \*\*\* to the Supreme or Appellate Court \*\*\*, $50.

For each day actually employed in the trial of a case, $10; \*\*\*.

\* \* \*

All the foregoing fees shall be taxed as costs to be collected from the defendant, if possible, upon conviction. \*\*\*" (Ill. Rev. Stat. 1975, ch. 53, par. 8.)

Section 22 of "An Act to revise the law in relation to costs" provides:

"If any person shall take an appeal, \*\*\* and the same judgment be affirmed \*\*\*, the appellee shall recover his costs, and have execution therefor; \*\*\*." (Ill. Rev. Stat. 1975, ch. 33, par. 22.)

Section 25 of the latter act provides:

"The clerk of any court in this state is hereby authorized and required to tax and subscribe all bills of costs arising in any cause or proceeding instituted in which he is clerk, agreeably to the rates which shall, for the time being, be allowed or specified by law; and shall in no case allow any item or charge unless he shall be satisfied that the service for which it was made was actually performed in the cause." Ill. Rev. Stat. 1975, ch. 33, par. 25.

The defendant correctly notes that the allowance and recovery of costs, being unknown at common law, rests entirely upon the statutory provisions, which must be strictly construed (*Galpin v. City of Chicago* (1911), 249 Ill. 554, 556). Numerous jurisdictions allow the assessment of prosecution costs, but since such action is based on statute, interpretations of what constitutes allowable costs and when they may be assessed vary widely. (See Annot., 65 A.L.R.2d 854 (1959); Comment, *Charging Costs of Prosecution to the Defendant*, 59 Geo. L.J. 991 (1971).) In Illinois, basic authority for the assessment for the prosecution costs against defendant is found in the criminal costs statute (Ill. Rev. Stat. 1975, ch. 38, par. 180–3), quoted above.

In *Corbin v. People* (1893), 52 Ill. App. 355, 357, "costs of the prosecution," under the statute involved here, were held to be "all the costs and fees legally earned and taxable in the case." The court in *Corbin* also stated:

"When a defendant is convicted the judgment is that he pay the fees thus appearing on the fee book, subject, of course, to his right to question the correctness of the bill by motion to re-tax, or by replevin of the fee bill. A judgment for the costs is incidental to a judgment of conviction. Moody v. People, 20 Ill. 315." 52 Ill. App. 355, 357.

The above-quoted statutory provisions are sufficiently inclusive to authorize and, in fact, direct the clerk to tax as costs and the judgment to include, the specified fees on appeal, as well as at the original trial of the case.

The defendant argues that section 8 of "An Act concerning fees and salaries" (Ill. Rev. Stat. 1975, ch. 53, par. 8) was originally enacted to provide compensation to State's Attorneys prior to the time that they received salaries. Since the office of the State's Attorney is a salaried position (Ill. Rev. Stat. 1975, ch. 53, par. 7), defendant contends that section 8 is obsolete and should not be applied to the purpose of reimbursing the State for expenses in defending appeals. This court has previously rejected this argument. (See *People v. Kawoleski* (1923), 310 Ill. 498.) Also, the fact that the section of the statute providing for State's Attorneys' fees has not been repealed but was, in fact, amended by the legislature as recently as 1975 (Pub. Act 79—645, sec. 1) evidences its current viability. In summary, we believe that the above-quoted statutory provisions, when read together, indicate a legislative scheme which authorizes the assessment of State's Attorneys' fees as costs in the appellate court against an unsuccessful criminal appellant upon affirmance of his conviction.

The question of whether an indigent can be assessed these fees and whether the same may be incorporated as part of the affirmance judgment of the appellate court against an indigent requires an examination of the various sections of the statutes relating to costs in litigation involving poor persons. Section 5 of "An Act to revise the law in relation to costs" (Ill. Rev. Stat. 1975, ch. 33, par. 5) provides:

"If any court shall, before or after the commencement of any suit, be satisfied that the plaintiff or defendant is a poor person, and unable to prosecute or defend suit and pay the costs and expenses thereof, the court may, in its discretion, permit him to commence and prosecute his action, or defend suit, as a poor person; and thereupon such person shall have all the necessary writs, process, appearances and proceedings, as in other cases, without fees or charges. The court may assign to such person counsel, who, as well as all other officers of the court, shall perform their duties in such suit without any fees, charge or reward. *If judgment be entered for the plaintiff or defendant there shall be judgment for his costs; which costs shall be collected for the use of the officers. If the suit is settled without the entry of judgment, the party who has thus been permitted to sue or defend as a poor person shall nevertheless be under the duty of paying forthwith to the Clerk of the Court and the Sheriff respectively,* out of any moneys or property received by him or on his account as the proceeds of any such settlement, *the amount of all fees and charges which but for the leave given to sue or defend as a poor person, such party would have been required to advance to such officers respectively.*" (Emphasis added.)

The defendant argues that this provision indicates that indigent defendants may not be taxed costs or fees. We disagree. As the State points out, the statute provides that if the poor person recovers judgment, costs are to be collected for the officers. If the suit is settled, the poor person is obligated to apply any proceeds to pay all fees and charges which he would normally have been required

to pay. In addition, section 5a of the Act creates a lien in favor of the clerk of the court and the sheriff upon every claim or demand and the proceeds of a suit commenced by a poor person. Section 6 also states that if judgment is entered against a poor person suing as a plaintiff it shall be for costs, unless otherwise ordered. The fact that the poor litigant is not absolved from the liability for costs and fees leads us to agree with the State that section 5 was only intended to provide equal access to the courts. We hold that section 5 does not completely waive fees and costs for poor persons; it merely allows them to be postponed so that all persons may pursue their legal remedies in the courts. Nor does the fact that the defendant was provided with appointed counsel preclude him from being held liable for costs. See *People v. Harris* (1968), 97 Ill. App. 2d 288.

Defendant also argues that it is incongruous to hold an indigent defendant liable for a $50 State's Attorney fee while under our Supreme Court Rule 607 (58 Ill. 2d R. 607) he may be entitled to appointed counsel, a free transcript and may be excused from paying the filing fee on appeal. It may appear to be difficult to harmonize the rationale of these provisions of our rules with the statutes. However, since there is no expression of legislative intent to the contrary, a reasonable construction of these statutes compels that we hold that an indigent defendant may be assessed costs for a State's Attorney's fee for defending the unsuccessful appeal.

We next consider whether a cash bail deposit may be used to pay costs of an unsuccessful appellant. The majority of the appellate court held that cash bail posted under the 10% deposit provision (Ill. Rev. Stat. 1975, ch. 38, par. 110—7) is presumed to be posted by the defendant, and, relying on that construction, held that, to the extent of cash bail posted, a defendant is presumed not to be indigent for the purpose of paying a fine or costs.

The defendant argues that the appellate court erred in creating a conclusive presumption that bail money is the property of the accused and, as such, may be used to pay costs assessed against him. Defendant points out that frequently relatives and friends of the accused put up the money to secure his release, especially when he is indigent. The result of applying this money to pay costs, defendant contends, will be to discourage relatives and friends from posting his bail.

We need not decide whether or not there is a conclusive presumption that the bail deposited under this section of the Act belongs to the defendant. Section 110—7, which provides for the deposit of 10% of the bail in subparagraph (a), provides in subparagraph (h):

> "After a judgment for a fine and court costs or either is entered in the prosecution of a cause in which a deposit had been made in accordance with subsection (a) the balance of such deposit, after deduction of bail bond costs, shall be applied *to the payment of the judgment.*" (Emphasis added.) (Ill. Rev. Stat. 1975, ch. 38, par. 110—7(h).)

Thus, under this section the deposit of 10% of the bail is not only for the purpose of ensuring defendant's presence in court at an appointed time but also constitutes a fund from which a judgment for fine and costs against the defendant may be satisfied without the necessity of having an execution issue and a levy made upon the deposit, regardless of whose money was deposited. Whether or not the cash received as bail is actually the property of the defendant is irrelevant.

While we need not discuss at length the procedures for taxing costs, we wish to note that costs must be taxed in the court wherein they were incurred. The matter of assessing costs is governed by statute. (*Meyer v. Marshall* (1976), 62 Ill. 2d 435, 441.) As noted in *Crum v. Cleveland, Cincinnati, Chicago & St. Louis Ry. Co.* (1918),

212 Ill. App. 518, 519:

> "There is no statute authorizing a trial court to tax as costs in that court, costs that are made in the Appellate or Supreme Court. The costs in those courts are disposed of in the judgments there entered."

Thus, the authority of a clerk of a court of review to tax costs against the losing party arises from the judgment of that court. Also, the amount of bail on deposit with the clerk can only be applied to the satisfaction of those costs for which judgment has been entered, as provided in section 110—7(h), quoted above.

Another issue raised in this appeal is whether the State's Attorney is entitled to his fee when a convicted defendant is partially successful on appeal. Section 8 of "An Act concerning fees and salaries ***" (Ill. Rev. Stat. 1975, ch. 53, par. 8) provides that the State's Attorney shall receive a fee for each *conviction* and further provides that no fees shall be charged on more than 10 counts in any one indictment or information on trial and *conviction.* Thus in the trial court the State's Attorney would be entitled to a fee taxed as costs for each count on which a conviction is obtained (see *People v. Kawoleski* (1923), 310 Ill. 498). However, section 8 also provides that ,"[f]or *each case of appeal*" to the supreme or appellate court when prosecuted or defended by him the State's Attorney shall receive a fee of $50. Section 8 also provides that "where judgment is in favor of the accused" the fees allowed the State's Attorney shall be retained out of the fines and forfeitures collected in other cases. Thus the State's Attorney is entitled to his one fee of $50 regardless of how many counts are included in the one case on appeal. Unless judgment in that case is entered in favor of the accused the appeal fee will be taxed as costs against the defendant even if convictions as to one or more counts but not as to all counts are reversed on appeal.

The defendant also contends that the State's Attorney is not entitled to a *per diem* fee of $10 for argument on appeal. The relevant portion of section 8 provides:

> "State's attorneys shall be entitled to the following fees:
>
> * * *
>
> For each day actually employed in the trial of a case, $10; in which case the court before whom the case is tried shall make an order specifying the number of days for which a per diem shall be allowed." (Ill. Rev. Stat. 1975, ch. 53, par. 8.)

As the State notes, the provisions for *per diem* fees for trials and *habeas corpus* hearings are separated from the provisions for conviction fees and appeal fees. We believe that the *per diem* allowance, not being limited to the circuit court proceedings, may be reasonably construed as also applying to oral argument in the appellate court. We note, however, that the record in the instant case does not contain an order by the appellate court specifying the number of days for which the *per diem* shall be allowed. In the absence of such an order, the *per diem* allowance may not be assessed.

In light of present-day county budgeting and accounting procedures, the provisions of section 8 (Ill. Rev. Stat. 1975, ch. 53, par. 8) relating to State's Attorneys' fees may appear to be a relic of another era which might well merit the attention of the legislature. However, these provisions are part of the body of the law of this State and, as such, it is the judicial function to construe and apply them. The judgment of the appellate court is therefore affirmed, except insofar as it taxes the $10 *per diem* fee as costs, as to which the judgment of the appellate court is reversed.

*Affirmed in part and reversed in part.*