(No. 59474

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. MICKEY D. AGNEW, Appellant.

*Opinion filed January 23, 1985.*

Daniel D. Yuhas, Deputy Defender, and Jane Raley, Assistant Defender, of the Office of the State Appellate Defender, of Springfield, for appellant.

Neil F. Hartigan, Attorney General, of Springfield, and Nancy Owen, State's Attorney, of Charleston (Robert J. Biderman, of the State's Attorneys Appellate Service Commission, of Springfield, of counsel), for the People.

JUSTICE WARD delivered the opinion of the court:

The defendant, Mickey Agnew, was convicted of armed robbery after a jury trial in the circuit court of Coles County and was sentenced to eight years' imprisonment. The appellate court affirmed the conviction. (108 Ill. App. 3d 79.) We granted the defendant leave to appeal and subsequently affirmed the judgment of the appellate court. (97 Ill. 2d 354.) Thereafter the State's Attorney's Appellate Service Commission filed a motion in the appellate court, asking the court to assess a fee in favor of the State's Attorney of $75 against the defendant, to cover the appeal, $50 of which was to be for defending against the appeal and $25 for oral argument. The defendant objected to the assessment of the $25 fee for oral argument, but the appellate court overruled the objection and entered an order of assessment for $75. We granted the defendant leave to appeal under Rule 315 (87 Ill. 2d R. 315).

The State bottoms its claim for fees on statutory provisions. The criminal cost statute provides:

"When any person is convicted of an offense under any statute *** the court shall give judgment that the of-

fender pay the costs of prosecution." (Ill. Rev. Stat. 1981, ch. 38, par. 180—3.)

Section 8 of "An Act concerning fees and salaries ***" provides:

"State's attorneys shall be entitled to the following fees ***:

***

For each case of appeal taken *** to the Supreme or Appellate Court ***, $50.

For each day actually employed in the trial of a case, $25; in which case the court before whom the case is tried shall make an order specifying the number of days for which a per diem shall be allowed." Ill. Rev. Stat. 1981, ch. 53, par. 8.

The defendant concedes that the assessment of the $50 fee for the appeal to the appellate court was proper, but he argues that the $25 per diem fee, provided under section 8 for each day the State's Attorney is employed in the trial of a case, should be allowed only for each day of actual trial in the circuit court. The defendant cites several decisions of the appellate court which, supporting his interpretation of section 8, denied the requests by the State for the $25 fee for oral argument. People v. Reese (1984), 121 Ill. App. 3d 977, 991; People v. Grayson (1983), 119 Ill. App. 3d 252, 263; People v. Wolsk (1983), 118 Ill. App. 3d 112, 121; People v. Hall (1983), 117 Ill. App. 3d 788, 806.

In People v. Nicholls (1978), 71 Ill. 2d 166, the issue here was before this court. The defendant contended that the State's Attorney could not recover the per diem fee for oral argument on appeal. The statute involved was the one we consider today, except the fee then was $10. (See Pub. Act 81—507, 1979 Ill. Laws 2121.) The court, in declaring that the State's Attorney was entitled to a fee for oral argument on the appeal, said:

"As the State notes, the provisions [in section 8] for per diem fees for trials and habeas corpus hearings are sepa-

rated from the provisions for conviction fees and appeal fees. We believe that the *per diem* allowance, not being limited to the circuit court proceedings, may be reasonably construed as also applying to oral argument in the appellate court." (71 Ill. 2d 166, 179.)

The court denied the allowance in *Nicholls*, however, because the appellate court had not stated the number of days for which the *per diem* should have been allowed. 71 Ill. 2d 166, 179.

As the People note, "trial" is not a word of rigid definition. To illustrate, in *People v. Drymalski* (1961), 22 Ill. 2d 347, this court, citing *People v. Vitale,* 364 Ill. 589, 592, observed:

"A 'trial' has been defined as a judicial examination, in accordance with the law of the land, either civil or criminal, of the issues between the parties, whether of law or fact, before a court that has jurisdiction over it, (*People v. Vitale* 364 Ill. 589, 592,)***." 22 Ill. 2d 347, 351.

Though the factual situation was dissimilar from the one here, the court's statement illustrates the broad meaning that may be ascribed to the word.

It is true that, on a quick reading of the statute, there may be an impulse to adopt the defendant's contention, but on reflection one must conclude that the appellate court acted correctly. The judicial role in interpreting a statute is, of course, to ascertain and then follow the legislative intention in enacting the legislation. In *Nicholls*, this court interpreted the fee provision in section 8 to apply to proceedings in the appellate court. Following the decision in *Nicholls*, the legislature reexamined the statute, including, we must assume, our interpretation of it in *Nicholls*, and proceeded to amend section 8 to read $25 instead of $10 "for each day actually employed in the trial of a case." Upon its reexamination of the statute the legislature continued keeping the provisions for *per diem* fees for trials and *habeas corpus* hearings separate from

the provisions for conviction fees and appeal fees, which this court in *Nicholls* felt to be significant. We must conclude that the interpretation of the statute in *Nicholls* reflected the legislative intendment, for in amending the statute as to the amount of the fee the legislature, in implicit approval of the interpretation, left the balance of the statute unchanged.

While we do not consider that a legislature's inaction while amending other portions of a statute automatically precludes the judiciary from reexamining a previous interpretation of a statute, it certainly suggests the legislature's agreement with the interpretation.

This court has held that when the legislature amends a statute, but leaves unchanged portions which have been judicially construed, the unchanged portions will retain the construction given prior to the amendment. In *Hupp v. Gray* (1978), 73 Ill. 2d 78, 85-86, this court stated:

"[A] reenacted statute will be given the same construction as that given the prior act, since the legislature is presumed to know the construction which has been given to the statute and, by reenactment, is assumed to have intended for the new statute to have the same effect. (*City of Champaign v. City of Champaign Township* (1959), 16 Ill. 2d 58.) Thus, an amendatory act is not only to be construed as continuing in effect the unchanged portions thereof (*Gaither v. Lager* (1954), 2 Ill. 2d 293) but, more significantly, if previously construed terms in the unamended sections are used in the amendment, it is generally concluded that the legislature intended to adopt the prior construction given to these terms. 1A Sutherland, Statutes and Statutory Construction sec. 22.35 (4th ed. 1972)." See also *Zimmerman Brush Co. v. Fair Employment Practices Com.* (1980), 82 Ill. 2d 99, 104.

For the reasons given, the judgment of the appellate court is affirmed.

*Judgment affirmed.*