THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. KAREN DAVIS, Defendant-Appellant.

First District (4th Division)   No. 87—1593

Opinion filed January 19, 1989.

Frank M. Howard, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Inge Fryklund, Patricia Y. Brown, and William B. Schiller, Assistant State's Attorneys, of counsel), for the People.

JUSTICE JOHNSON delivered the opinion of the court:
Defendant, Karen Davis, was found guilty of obscenity (Ill. Rev. Stat. 1985, ch. 38, par. 11—20(a)(2)) after a jury trial in the circuit court of Cook County. She was placed on supervision for one year. On appeal, defendant requests a retrial because the issuance of a jury instruction to apply a statewide standard in determining the value of her performance was prejudicially erroneous. The State concedes that the instruction w<sub></sub>s erroneous, but maintains that the error was harmless.

We affirm.

About 10 p.m. on March 19, 1986, Chicago police investigator Michael Westlove paid a $2 admission fee and purchased tokens at "Broadway Girlies," located at 2838 North Broadway in Chicago. When he entered a booth, he noticed foul odors, a white substance on the wall, and tissue paper and a sticky substance on the floor. After viewing a dance performance by a woman other than defendant, he observed defendant engaging in acts of vaginal masturbation for about three minutes. Defendant, who was completely nude, sat on a stool, elevated and separated her legs, spread open the vaginal area with her hand, and repeatedly inserted two fingers into her vagina. Music played continuously during defendant's "performance," but she neither danced nor gyrated her hips.

Previously, on February 3, 1986, Chicago police officer John Stapleton had viewed defendant for 12 to 14 minutes at the same estab-

lishment. During that "performance," defendant engaged in various acts of vaginal and anal masturbation and then danced. Although Officer Stapleton denied that defendant was "boogeying," he did concede that she was "moving" during the course of the February show.

The trial court permitted a psychologist, Aileen Thatcher, to testify to statewide obscenity standards in Illinois on defendant's behalf. In Thatcher's opinion, defendant's performances appealed to a "normal interest in heterosexual sex" and were "basically accepted in the State of Illinois."

Over defense counsel's objection, the trial court gave the following instruction to the jury:

> "In determining whether a thing is obscene, you are to consider how it would be viewed by ordinary adults in the whole State of Illinois rather than by the people in any single city or town or region within the State." (Illinois Pattern Jury Instructions, Criminal, No. 9.57 (2d ed. 1981) (definition of obscene) (hereinafter IPI Criminal 2d No. 9.57).)

The trial judge believed that the absence of the above instruction would have confused the jury in light of Thatcher's testimony on statewide obscenity standards. The jury then found defendant not guilty of obscenity in connection with the February show but guilty of obscenity in connection with the March show. On appeal, defendant contends that the trial court erred in instructing the jury to apply a statewide standard instead of an objective "reasonable person" standard. The State agrees that IPI Criminal 2d No. 9.57 was erroneous, but contends that the error was harmless beyond a reasonable doubt.

In *Pope v. Illinois* (1987), 481 U.S. 497, 501-03, 95 L.Ed. 2d 439, 446-47, 107 S. Ct. 1918, 1922, the Supreme Court held that a jury instruction to apply a statewide standard in determining the value of allegedly obscene magazines contravened the first amendment to the Federal Constitution (U.S. Const., amend. I) and that remand to this court was required for a harmless error determination. The Court observed that a retrial is not required "if it can be said beyond a reasonable doubt that the jury's verdict in this case was not affected by the erroneous instruction." (*Pope*, 481 U.S. at 502, 95 L. Ed. 2d at 446, 107 S. Ct. at 1922.) The Court observed further that "if a reviewing court concludes that no rational juror, if properly instructed, could find value in the [performance], the convictions should stand." *Pope*, 481 U.S. at 503, 95 L. Ed. 2d at 447, 107 S. Ct. at 1922.

Turning to the instant case, we are convinced that no reasonable juror could have found serious value in defendant's lewd acts of

masturbation during the March show, which were utterly devoid of dance movement and merely served as a magnet for the semen that befouled defendant's booth. The erroneous instruction was harmless beyond a reasonable doubt.

For the foregoing reasons, the judgment of the circuit court is affirmed. Pursuant to *People v. Nicholls* (1978), 71 Ill. 2d 166, 374 N.E.2d 194, we grant the State's request and assess defendant $50 as costs for this appeal.

Affirmed.

LINN and McMORROW, JJ., concur.