THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. A.R. ROOSEVELTAUSE, Defendant-Appellant.

First District (4th Division)   No. 1—88—0249

Opinion filed February 14, 1991.

Randolph N. Stone, Public Defender, of Chicago (Bruce C. Landrum, Assistant Public Defender, of counsel), for appellant.

Jack M. O'Malley, State's Attorney, of Chicago (Howard Weisman, Assistant State's Attorney, of counsel), for the People.

JUSTICE JOHNSON delivered the opinion of the court:

Defendant, A.R. Rooseveltause, appeals from a decision of the circuit court finding that the State had not systematically excluded African-Americans from the jury at defendant's trial. Defendant was convicted of the rape of a semi-comatose Caucasian female and sentenced to 30 years of imprisonment.

On appeal, defendant presents the following issues: (1) whether the trial court erred in finding that he had not established a *prima facie* case of purposeful discrimination; (2) whether the trial court erred in concluding that the State's reasons for exercising its peremptory challenges were adequate; and (3) whether the trial court erred in denying him the opportunity to cross-examine opposing counsel.

We affirm.

Defendant was convicted of the rape of a semi-comatose Caucasian female. The rape took place at Oak Forest Hospital, where both the victim and defendant were patients. In *People v. Rooseveltause* (1987), 156 Ill. App. 3d 288, this court affirmed defendant's conviction but remanded the cause to the trial court for a hearing to determine whether African-Americans had been systematically excluded from the jury on account of race pursuant to *Batson v. Kentucky* (1986), 476 U.S. 79, 90 L. Ed. 2d 69, 106 S. Ct. 1712.

The trial court, on remand, found that defendant had not established a *prima facie* case of discrimination. After making this finding, and although it was unnecessary, the trial court also had the State explain the reasons for its peremptory challenges. This latter mandate was for purposes of the record in the event this court reversed the trial court's decision. The trial court also considered the fact that one of the assistant State's Attorneys was of African-American descent. In conducting the *Batson* hearing, the trial court followed the two-step procedure as set forth in *People v. Hooper* (1987), 118 Ill. 2d 244. Defendant appeals from the trial court's decision.

As a threshold issue, defendant contends that the trial court erred in following the first step in the two-step procedure outlined in *Hooper*. In *Hooper*, our supreme court issued a supervisory order directing the circuit court to conduct an expedited hearing to allow defendant to present evidence to substantiate his claim of the State's alleged misuse of its peremptory challenges pursuant to *Batson*. The *Hooper* court stated:

"If the [trial] court finds that a *prima facie* showing of such discrimination has been made, the court is directed to determine whether or not there is a neutral explanation by the State for the exercise of the questioned peremptory challenges." *Hooper*, 118 Ill. 2d at 244.

■ The burden, therefore, initially rests with defendant to establish a *prima facie* case of discrimination. In the event the court finds defendant has established his *prima facie* case, the burden

then shifts to the State to give race-neutral reasons for its peremptory challenges. Defendant argues that the trial court, in the instant case, was without authority to make its initial finding that he had not established a *prima facie* case of discrimination.

Defendant bases this conclusion on the following language in *People v. Rooseveltause* (1987), 156 Ill. App. 3d 288, remanding this case to the trial court: "[W]e hold that *Batson* applies to the instant case and that defendant is entitled to a *Batson* hearing where the prosecutor may offer race-neutral explanations for his peremptory challenges." (*Rooseveltause*, 156 Ill. App. 3d at 296.) Defendant interprets this directive as this court's implicit finding that a *prima facie* case was established and that the sole remaining determination was whether the State could provide race-neutral reasons for its challenges.

■ However, defendant misconstrues this directive. We ordered that the case be remanded to the trial court for a *Batson* hearing. (*Rooseveltause*, 156 Ill. App. 3d at 296.) The fact that we elucidated the second step in the process by no means is meant to imply that the first step in the process may be eliminated in this case. The burden still rests with defendant to establish a *prima facie* case. This court did not relieve defendant of that burden. The trial court was correct in following the two-step procedure as set forth in *Hooper*. Moreover, we interpret *Hooper* as reiterating the principles set forth in *Batson*.

■ The first issue defendant raises is whether the trial court erred in finding that he had not established a *prima facie* case of discrimination. In *Batson v. Kentucky* (1986), 476 U.S. 79, 90 L. Ed. 2d 69, 106 S. Ct. 1712, the United States Supreme Court set forth the following test to determine whether defendant has made a *prima facie* case of purposeful discrimination: (1) defendant must be a member of a cognizable racial group; (2) the State peremptorily challenged members from that racial group; and (3) these facts and "any other relevant circumstances raise an inference" of purposeful discrimination. *Batson*, 476 U.S. at 96, 90 L. Ed. 2d at 87-88, 106 S. Ct. at 1723.

■ The trial judge makes the initial determination of whether the defendant has established a *prima facie* case. (*People v. Evans* (1988), 125 Ill. 2d 50, 66.) If the defendant is found to have established a *prima facie* case of purposeful discrimination, the burden shifts to the State to come forward with race-neutral explanations for the peremptory challenges in question. (*Batson*, 476 U.S. at 97, 90 L. Ed. 2d at 88, 106 S. Ct. at 1723.) The trial court will then

have the burden to determine whether the defendant established a case of purposeful discrimination. (*Batson*, 476 U.S. at 98, 90 L. Ed. 2d at 88-89, 106 S. Ct. at 1724.) A trial court's finding that the defendant has not established a *prima facie* case will not be overturned on review unless the decision is against the manifest weight of the evidence. *Evans*, 125 Ill. 2d at 71.

■ In the instant case, defendant has met the first two requirements in establishing a *prima facie* case in that he is of African-American descent and the State exercised its peremptory challenges in removing from the venire members of defendant's race. The remaining question, then, is whether the trial court in considering all of the "relevant circumstances" properly found that defendant had not established a *prima facie* case.

■ As illustrative of these "relevant circumstances," the *Batson* Court stated that "a 'pattern' of strikes against black jurors included in the particular venire might give rise to an inference of discrimination. Similarly, the prosecutor's questions and statements during *voir dire* examination and in exercising his challenges may support or refute an inference of discriminatory purpose." (*Batson v. Kentucky* (1986), 476 U.S. 79, 97, 90 L. Ed. 2d 69, 88, 106 S. Ct. 1712, 1723.) The level of black representation in the venire as compared to the jury was also cited as an example of a "relevant circumstance." *Batson*, 476 U.S. at 93, 90 L. Ed. 2d at 85, 106 S. Ct. at 1721.

Our supreme court in *People v. Evans* (1988), 125 Ill. 2d 50, also cited examples of "relevant circumstances" taken from other jurisdictions including "whether the excluded blacks were a heterogeneous group sharing race as their only common characteristic [citation]; the race of the defendant and victim [citations]; and the race of the witnesses [citation]." *Evans*, 125 Ill. 2d at 64.

■ Defendant, in arguing his *prima facie* case, stated that "the complainant is white and the defendant is black. The State exercised four peremptory challenges, *all* against black prospective jurors—which resulted in an all-white jury. This alone establishes a '*prima facie* case.' " We disagree. A *prima facie* case of discrimination may not, without more, be established by the number of blacks excluded from the jury. *Evans*, 125 Ill. 2d at 64.

■ The ramifications of racism are sometimes better understood by those who have been victims. The fact that one of the assistant State's Attorneys was of African-American descent is of significance in the evaluation process, although not dispositive of this issue. (See *People v. Mahaffey* (1989), 128 Ill. 2d 388.) After care-

fully reviewing all of the relevant facts in this case, we do not find the trial court's decision to be against the manifest weight of the evidence.

■■ The trial court in making its decision noted that, unlike a court of review, it was in the unique position of being present during *voir dire*, had the opportunity to take copious notes, and observed the prospective jurors' demeanor. The court then went on to hold: "In my heart of hearts and I so hold there is no *prima facie* basis established by the Defense of purposeful discrimination of blacks ***." As the *Batson* Court stated:

> "We have confidence that trial judges, experienced in supervising *voir dire*, will be able to decide if the circumstances concerning the prosecutor's use of peremptory challenges creates a *prima facie* case of discrimination against black jurors." *Batson v. Kentucky* (1986), 476 U.S. 79, 97, 90 L. Ed. 2d 69, 88, 106 S. Ct. 1712, 1723.

■■ The next issue defendant raises is whether the trial court erred in concluding that the State's race-neutral reasons were adequate. Although there was no need to address this issue, as the trial court found that defendant had not established a *prima facie* case, the trial court requested that the State provide race-neutral reasons in the event the reviewing court reversed the court's initial decision regarding the establishment of a *prima facie* case. The trial court, however, was not attempting to consolidate the *Batson* hearing into a one-step process nor does this conduct imply that a *prima facie* case must now necessarily be presumed. (See *People v. Garrett* (1990), 139 Ill. 2d 189; *People v. Hope* (1990), 137 Ill. 2d 430.) The trial court was simply requesting the reasons for the record. We find that analysis of this issue is unnecessary in light of the trial court's finding that defendant had not established a *prima facie* case of discrimination. "[T]here [is] no need to assess the sufficiency of the State's explanations, since the burden of providing them rests on the State only after a defendant has made a *prima facie* case." *People v. Garrett*, 139 Ill. 2d at 202.

■■ The final issue defendant raises is whether the trial court erred in denying him the right to cross-examine opposing counsel. Defendant wanted to cross-examine one of the prosecutors regarding his reasons for challenging two of the excluded venire persons. This request, however, was made after the trial court made its decision that a *prima facie* case had not been established by defendant and after the State, though unnecessarily, gave its reasons for excluding certain venire persons. Since this request was made after

the trial court's finding that no *prima facie* case had been made, it is not now necessary for this court to address defendant's contention.

For the foregoing reasons, the decision of the circuit court is affirmed. As part of our judgment, we grant the State's request that defendant be assessed $75 as costs and fees for this appeal, pursuant to *People v. Agnew* (1985), 105 Ill. 2d 275, and *People v. Nicholls* (1978), 71 Ill. 2d 166.

Affirmed.

JIGANTI, P.J., and McMORROW, J., concur.