THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. THAD-DEUS A. PUDLO, Defendant-Appellant.

First District (4th Division)    No. 1—93—1891

Opinion filed June 1, 1995.—Rehearing denied July 19, 1995.

HOFFMAN, P.J., dissenting.

Dennis Doherty, of Chicago, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Janet Powers Doyle, and Abigail Abraham, Assistant State's Attorneys, of counsel), for the People.

JUSTICE SHEILA O'BRIEN delivered the opinion of the court:

On May 15, 1992, the State filed a criminal information charging defendant, Thaddeus Pudlo, with violating section 6 of the Litter Control Act (Ill. Rev. Stat. 1991, ch. 38, par. 86—6 (now 415 ILCS

105/6 (West 1992))) by allowing "litter to accumulate upon [his property at 1651-1653 West Hubbard] in such a manner as to constitute a public nuisance or in such a manner that the litter may be blown or otherwise carried by the natural elements on to the real property of another person." The State contended defendant allowed the litter to accumulate from May 20, 1991, to May 8, 1992. Following a bench trial, defendant was found guilty and sentenced to two years' probation and fined $500. On appeal, defendant argues the trial court erred when it denied his motion to dismiss the information on double jeopardy grounds. We affirm.

In his motion to dismiss filed April 26, 1993, defendant argued that on November 17, 1992, the trial court found he had committed 113 violations of the Chicago Municipal Code by allowing various forms of rubbish and debris to accumulate on his property at 1649-1653 West Hubbard. The violations occurred between May 21, 1991, and July 22, 1992, and the trial court imposed a fine of $3,625,050. Defendant contended the trial court should dismiss the criminal information on double jeopardy grounds because his violations of the Municipal Code constituted the same conduct which formed the basis of the criminal charge. The trial court denied defendant's motion and later convicted him of violating the Litter Control Act.

■ On appeal, defendant contends the trial court erred by denying his motion to dismiss the criminal information based on double jeopardy. The double jeopardy clause of the fifth amendment to the United States Constitution provides no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." (U.S. Const., amend. V.) The Illinois Constitution of 1970 provides "[n]o person shall *** be twice put in jeopardy for the same offense." (Ill. Const. 1970, art. I., § 10.) The double jeopardy clause protects against three distinct abuses: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *People v. Levin* (1993), 157 Ill. 2d 138, 144, 623 N.E.2d 317.

The third of these protections is the subject of this appeal. Defendant argues his violation of section 6 of the Litter Control Act from May 21, 1991, to May 8, 1992, involves the same conduct as 13 of his Municipal Code violations over the same time period. Defendant contends his fine for the 13 Municipal Code violations and his two-year probation term and $500 fine for violating section 6 of the Litter Control Act constitute multiple punishments for the same offense and, thus, violate the constitutional prohibition against double jeopardy.

The State argues the fine imposed by the trial court under the

Municipal Code is a civil penalty which does not constitute "punishment" for double jeopardy analysis. We need not address that issue since, for the reasons that follow, we hold none of defendant's 13 Municipal Code violations constitutes the same offense as his violation of the Litter Control Act.

■ In *United States v. Dixon* (1993), 509 U.S. 688, 125 L. Ed. 2d 556, 113 S. Ct. 2849, the Supreme Court reaffirmed that the test set forth in *Blockburger v. United States* (1932), 284 U.S. 299, 76 L. Ed. 306, 52 S. Ct. 180, governs what constitutes the same offense for double jeopardy purposes. Under *Blockburger*, two offenses are the same if they have identical statutory elements or if one offense is a lesser included offense of the other. (*Blockburger*, 284 U.S. at 304, 76 L. Ed. at 309, 52 S. Ct. at 182.) Two offenses are different if each requires proof of an element the other does not have. *Blockburger*, 284 U.S. at 304, 76 L. Ed. at 309, 52 S. Ct. at 182.

■ Therefore, we begin our analysis by comparing the elements of section 6 of the Litter Control Act with the elements of the 13 Municipal Code sections defendant violated. Section 6 provides:

> "No person shall allow litter to accumulate upon real property, of which the person charged is the owner or tenant in control, in such a manner as to constitute a public nuisance or in such a manner that the litter may be blown or otherwise carried by the natural elements on to the real property of another person." Ill. Rev. Stat. 1991, ch. 38, par. 86—6 (now 415 ILCS 105/6 (West 1992)).

Twelve of the Municipal Code sections defendant violated contain elements not required in section 6 of the Litter Control Act. (See Chicago Municipal Code, §§ 15—4—970 and 13—196—580(d) (prohibiting forms of trash which constitute a *fire hazard*), 7—28—060 and 5—4—090 (prohibiting buildings infected with disease), 13—196—620(a) (requiring family units be in a "safe" condition), 13—196—630(b) (requiring owners to maintain and repair their equipment), 5—4—080 (requiring floor beneath any water closet be kept in good repair), 7—28—720 (prohibiting forms of trash *unless* placed on open racks at least 18 inches above the ground), 7—28—040 (prohibiting abandonment of refrigerators and iceboxes with attachable doors in any place accessible to children), 7—28—240, 7—28—450(a), and 7—28—450(b) (requiring owner to remove refuse, as opposed to the Litter Control Act's prohibition against allowing litter to accumulate in the first place) (1990).) Also, unlike section 6 of the Litter Control Act, none of those 12 Municipal Code sections specifically prohibits litter which can be blown on to the real property of another person. Since each of the 12 Municipal Code sections contains elements not

required in section 6 of the Litter Control Act, and *vice versa,* they are not the same offenses for double jeopardy purposes.

Defendant failed to provide us the text of the thirteenth municipal ordinance he violated, section 4—344—610. In its absence, we presume section 4—344—610 is not the same offense for double jeopardy purposes as section 6 of the Litter Control Act. See *Glater v. Fabianich* (1993), 252 Ill. App. 3d 372, 377, 625 N.E.2d 96 (it is the appellant's duty to provide a complete record containing all matters relevant to the issues he raises on appeal, and any doubt arising from an incomplete record is resolved against him).

■ Pursuant to *People v. Nicholls* (1978), 71 Ill. 2d 166, 374 N.E.2d 194, and *People v. Agnew* (1985), 105 Ill. 2d 275, 473 N.E.2d 1319, we grant the State's request for $150 in costs for defending this appeal and incorporate it as part of our judgment.


Affirmed.


CAHILL, J., concurs.


PRESIDING JUSTICE HOFFMAN, dissenting:

The majority correctly states the standard to be employed in determining whether a second prosecution violates the prohibitions against double jeopardy contained in the Constitution of the United States (U.S. Const., amend. V), and the Constitution of the State of Illinois (Ill. Const. 1970, art. I, § 10). But I believe the majority has misapplied that standard under the facts of this case.

Although the prosecution of a municipal ordinance violation is considered civil in nature, successive State and municipal prosecutions for the same conduct can constitute double jeopardy (*People v. Allison* (1970), 46 Ill. 2d 147, 263 N.E.2d 80), when the potential penalty for the ordinance violation is punitive in nature (see *United States v. Halper* (1989), 490 U.S. 435, 104 L. Ed. 2d 487, 109 S. Ct. 1892). In this case, the defendant was prosecuted and found guilty of 113 violations of the Municipal Code of Chicago (Code). His fines totaled $3,625,050. After he was convicted of violating the Code, the defendant was found guilty and sentenced for violating section 6 of the Litter Control Act (Act) (Ill. Rev. Stat. 1989, ch. 38, par. 86—6).

One of the sections of the Code that the defendant was found to have violated and for which he was fined was section 7—28—450(b), which provides:

> "The owner, occupant, agent or person in possession or control of any residence or business (owner) shall remove or cause to be removed any garbage, debris, refuse, litter and miscellaneous

waste located upon his property or place of business. Unremoved material of such nature is hereby declared to be a public nuisance. Any owner or other person found in violation of this section shall be fined not less than $200.00 and not more than $1,000.00 for each offense. Each day on which such an offense shall continue shall constitute a separate and distinct offense." (Chicago Municipal Code § 7—28—450(b) (1990).)

In finding the defendant guilty, the court held: "From May 21, 1991 to July 22, 1992, defendant is guilty of violating the following provisions of the Code: *** section 7—28—450(b) in that defendant has failed to remove garbage, abandoned vehicles, lumber, wood, bricks and electrical parts from the subject property ***."

Nothing in this record suggests that the potential fines provided in section 7—28—450(b) are remedial in nature or intended to defray the city's costs of enforcement. To the contrary, the Code provides, in addition to the penalties that may be assessed, whenever any work such as "cleaning up" is done at city expense, the city's buildings commissioner shall issue a warrant for collection from the owner of the property. (Chicago Municipal Code § 13—8—120 (1990).) From an examination of the record and the applicable ordinances, I conclude that the penalties provided for a violation of section 7—28—450(b) are punitive in nature.

Guided by the standard articulated in *Blockburger v. United States* (1932), 284 U.S. 299, 76 L. Ed. 306, 52 S. Ct. 180, the next step is to determine if a violation of section 7—28—450(b) of the Code has the same elements as a violation of section 6 of the Act, or if one offense is the lesser included offense of the other.

The majority concludes that the defendant's prosecution for a violation of section 6 was not an impermissible successive prosecution for the same offense for which he was fined for violating section 7—28—450(b). This conclusion rests on a finding that a violation of either section requires proof of an element not required for a violation of the other. I disagree.

The owner of real property violates section 6 of the Act by allowing litter to accumulate upon the property in such a manner as to constitute a public nuisance or by allowing litter to accumulate in such a manner that it may be blown or otherwise carried onto the real property of another by natural elements. (Ill. Rev. Stat. 1989, ch. 38, par. 86—6.) The Act does not define the term "public nuisance," but it does define the term "litter." Litter may include:

"any garbage, trash, refuse, debris, rubbish, grass clippings or other lawn or garden waste, newspaper, magazines, glass, metal, plastic or paper containers or other packaging construction mate-

rial, abandoned vehicle ***, motor vehicle parts, furniture, oil, carcass of a dead animal, any nauseous or offensive matter of any kind, any object likely to injure any person or create a traffic hazard, or anything else of an unsightly or unsanitary nature, which has been discarded, abandoned or otherwise disposed of improperly." Ill. Rev. Stat. 1989, ch. 38, par. 86—3.

Section 7—28—450(b) declares that a violation of its provisions is a public nuisance, and the defendant was found guilty of a violation of that section for having failed to remove garbage and abandoned vehicles from the property at 1651-1653 West Hubbard Street. Section 6 prohibits an accumulation of litter, which includes debris and abandoned vehicles, in such a manner as to constitute a public nuisance. The defendant was found guilty of a violation of section 6 in part upon the testimony of a Chicago building inspector that he maintained junk cars and debris on the property and that the accumulation was a "nuisance to the public."

The majority draws a distinction between the enactments because section 7—28—450(b) is violated by one who fails to remove litter from the property, whereas section 6 proscribes its accumulation. I find the distinction to be without a difference. One allows litter to accumulate by failing to remove it. The majority finds a further distinction based on the language of section 6 which prohibits the accumulation of litter that may be blown or otherwise carried by natural elements onto the real property of another. However, there was no testimony in this record relating to litter blowing onto the property of another. Because the statute is stated in the disjunctive, merely allowing litter to accumulate in such a manner as to constitute a public nuisance is sufficient to constitute a violation.

In sum, I disagree with the majority in its finding that the elements necessary for a violation of section 7—28—450(b) are different from those necessary to constitute a violation of section 6. If a violation of section 7—28—450(b) is established against the owner of property, nothing more need be proven to establish a violation of section 6. Further, the State's own witness in the instant action testified that the property conditions that he testified to were the same as those he testified to in the proceeding in which the defendant was fined for violating section 7—28—450(b).

Based upon the foregoing analysis, I find that the defendant was subjected to successive prosecutions for the same conduct under an ordinance and a statute, neither of which required proof of any additional fact which the other did not, in violation of the prohibition against double jeopardy in the United States and State Constitutions. Therefore, I respectfully dissent.