THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CLAY TURNER, Defendant-Appellant.

First District (2nd Division)   No. 82—2778

Opinion filed February 21, 1984.

HARTMAN, P.J., dissenting.

James J. Doherty, Public Defender, of Chicago (Emily Eisner, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, James S. Veldman, and Thomas T. Finn, Assistant State's Attorneys, of counsel), for the People.

JUSTICE PERLIN delivered the opinion of the court:

After a bench trial, the defendant was convicted of armed robbery and aggravated battery, and sentenced to concurrent prison terms of 10 and five years. On appeal, he argues that evidence of his lineup and in-court identifications should have been suppressed as the products of an illegal arrest.

At the pretrial hearing on the defendant's motion to quash his arrest and suppress the evidence of his lineup and in-court identifications, the only evidence presented was the testimony of one of the arresting police officers. He stated that on November 21, 1980, he received a telephone call from a high school principal who said he had received an anonymous telephone call naming the defendant as the perpetrator of a shooting and robbery attempt that morning in Chicago. On the next day, the officers received information that a witness to the crime had made a photographic identification of the defendant. Consequently, on November 23, the police went to the home of the

defendant's mother and arrested the defendant. The police officer admitted that no arrest warrant ever was obtained; however, no information was adduced as to precisely where or under what circumstances the arrest took place, or whether consent was given to enter the mother's home. After the trial judge denied the defendant's motion to quash the arrest and suppress evidence without a statement of the reasons for his decision, a bench trial was held. At the trial, both victims identified the defendant as their assailant, and he was found guilty of armed robbery and aggravated battery.

■ Initially, we note that the State is incorrect in arguing that the defendant waived his right to raise the issue of the legality of his arrest by failing to make his claim in a post-trial motion. As the defendant points out, he was not required to file a post-trial motion where he was tried by the court and raised the same issue at the trial level at the hearing on the motion to quash and suppress. *People v. Kelly* (1979), 76 Ill. App. 3d 80, 394 N.E.2d 739.

■ We also note, however, that the burden is on a defendant to establish the illegality of his arrest when he intends to utilize the alleged illegality as a basis for suppression of evidence. (*People v. Petersen* (1982), 110 Ill. App. 3d 647, 442 N.E.2d 941.) Here, the defendant failed to establish any such illegality at the pretrial hearing where the only evidence, the testimony of one of the arresting officers, clearly suggested that probable cause for the arrest existed. No testimony whatsoever was elicited as to whether the entry into the home was or was not consensual. For that matter, no testimony was elicited as to whether an entry even was made; the defendant and his mother never testified during the motion to suppress, and the officer stated only that the arrest was made "at his house." Under the circumstances, the defendant did not establish even a *prima facie* case for a nonconsensual police entry, and the trial judge did not err in denying his motion at the hearing. See *People v. Sakalas* (1980), 85 Ill. App. 3d 59, 405 N.E.2d 1121.

■ However, because a ruling on a motion to suppress is not final and may be reversed at any time, a reviewing court may consider evidence during trial after the conclusion of the suppression hearing. (See *People v. Taylor* (1981), 99 Ill. App. 3d 15, 424 N.E.2d 1246; *People v. Sakalas* (1980), 85 Ill. App. 3d 59, 405 N.E.2d 1121.) Here, one victim testified at trial that not until November 23 did he identify the defendant's picture. Further, an arresting officer testified that another suspect was arrested on November 21, that he tried to arrest the defendant the same day, and that he was not aware of any photographs being shown on either November 21 or 22. The defendant's

mother then testified that the police came to her home several times before he was arrested. She said that on November 23, they told her: "they could search [the home]. I could let them search it willingly or they could get a court order to search it. I have a German Shepard [*sic*]. At that time he was barking. One of the men told me, 'No, that was all right,' he would take my word. And the other two officers said, 'no, they had to search.' " She then moved the dog into another room, and the police entered.

■ Our review of the record at trial therefore discloses that in regard to the defendant's earlier motions, the discrepancy between the first police officer's preliminary hearing testimony and the witness' trial testimony about the date of the photo identification of the defendant at most only raised a factual question as to the probable cause the police had to arrest the defendant. Similarly, the ambiguous statement of the defendant's mother did no more than raise a question of fact as to whether she consented to the search voluntarily, or whether she passively submitted to police authority. (See *People v. Montgomery* (1980), 84 Ill. App. 3d 695, 405 N.E.2d 1275.) Therefore, the factual ambiguities and discrepancies which manifested themselves at trial are not sufficient to suggest that the trier of fact's initial determination at the pretrial hearing was so contrary to the manifest weight of all the evidence as to warrant reversal on appeal. See *People v. Sakalas* (1980), 85 Ill. App. 3d 59, 405 N.E.2d 1121; *People v. Petersen* (1982), 110 Ill. App. 3d 647, 442 N.E.2d 941.

Accordingly, the judgment of the circuit court of Cook County is affirmed. As part of the judgment, we incorporate the State's request of $50 as costs of this appeal in accordance with *People v. Nicholls* (1978), 71 Ill. 2d 166, 374 N.E.2d 194.

DOWNING, J., concurs.

PRESIDING JUSTICE HARTMAN, dissenting:

I respectfully dissent. In my view, the record and the relevant law compels the conclusion that the warrantless arrest of Turner in his home violated his constitutional rights. Under *Payton v. New York* (1980), 445 U.S. 573, 63 L. Ed. 2d 639, 100 S. Ct. 1371, in the absence of strictly defined exigent circumstances, warrantless and nonconsensual entry into a suspect's home to effect his arrest violates the fourth amendment. No exigent circumstances were present here, as there was no "hot pursuit" of defendant and, in fact, two days had elapsed between the informant's accusation of defendant and the arrest, more than sufficient time to secure a warrant. See *People v.*

*Johnson* (1981), 99 Ill. App. 3d 863, 866, 425 N.E.2d 1215.

Furthermore, the police entry into defendant's home was not the result of a valid, voluntary consent. The arresting officers told defendant's mother that they "had to search" the home, whether "willingly" or under a "court order." Her silent acquiescence to their entry, under the circumstances, appears more a submission to authority than a voluntary consent. Although defendant bears the burden of establishing the illegality of an arrest for purposes of suppressing evidence (*People v. Petersen* (1982), 110 Ill. App. 3d 647, 654, 442 N.E.2d 941), such burden must be viewed in the light of the *caveat* in *Payton* that warrantless searches and seizures within a home are "presumptively unreasonable" (445 U.S. 573, 586, 63 L. Ed. 2d 639, 651, 100 S. Ct. 1371, 1380). Where consent to enter a home is at issue, the burden is on the State to show by a preponderance of evidence that the consent was voluntarily given. (*Schneckloth v. Bustamonte* (1973), 412 U.S. 218, 222, 36 L. Ed. 2d 854, 860, 93 S. Ct. 2041, 2045; *People v. Posey* (1981), 99 Ill. App. 3d 943, 947, 426 N.E.2d 209.) This the State failed to do.

Accordingly, I would reverse and remand the cause for a new trial, or, alternatively, for a hearing to determine whether the evidence used against defendant was tainted by the illegal arrest.