THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. SHARLEAN LEWIS BOGAN, Defendant-Appellant.

Second District   No. 2—98—1065

Opinion filed June 21, 2000.

G. Joseph Weller, of State Appellate Defender's Office, of Elgin, and Alison J. Norwood, of Streamwood, for appellant.

David R. Akemann, State's Attorney, of St. Charles (John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE COLWELL delivered the opinion of the court:

Following a jury trial, defendant, Sharlean Lewis Bogan, was convicted of first-degree murder (720 ILCS 5/9—1(a)(2) (West 1996)) in connection with the stabbing death of her husband, Karl A. Bogan (Karl). The circuit court of Kane County subsequently sentenced defendant to a prison term of 38 years. Defendant now appeals, contending (a) that the second-degree murder instruction tendered to the jury (see Illinois Pattern Jury Instructions, Criminal, No. 7.06A (3d ed. 1992) (hereinafter IPI Criminal 3d)) is unconstitutional and (b) that her trial counsel provided her with ineffective assistance by proposing IPI Criminal 3d No. 7.06A. We affirm defendant's conviction and also grant the State's request for $50 in fees.

On January 22, 1997, a Kane County grand jury returned an indictment against defendant, charging her with alternative counts of first-degree murder. See 720 ILCS 5/9—1(a)(1), (a)(2) (West 1996). The jury trial was held on April 14 and 15, 1998, during which the following evidence was admitted.

At 4:30 a.m. on January 1, 1997, defendant pounded on the door of the Carpentersville fire department and awoke firefighter Steven Guetschow. Hysterical, defendant told Guetschow that her husband was sick and in need of medical assistance. Guetschow called for an ambulance while several firefighters went to defendant's apartment, which was located directly behind the fire department. There they found Karl, lying supine on the floor just inside the apartment door. He had been stabbed to death.

At 9:41 that same morning, defendant gave a statement to Officer Michael O'Brien of the Carpentersville police department. In that statement, which was audiotaped, defendant told O'Brien that she and Karl were at home the previous evening (New Year's Eve), watching a movie and drinking liquor. At some point in the evening or early morning, defendant went with Karl to a gas station to purchase crack cocaine. Defendant, who was six months' pregnant, brought her two-year-old baby with them. After returning to the apartment and smoking some of the crack, defendant and Karl began arguing. Defendant did not want to continue smoking crack while pregnant, and she threatened to leave Karl. As the argument escalated, defendant obtained a knife from the kitchen and went into the bedroom. She said she took the knife because she was scared. Later, Karl entered the bedroom, placed two other kitchen knives on the bed in front of defendant, and told her, "[O]ne of us is going to die tonight."

A short while later, having decided to leave the apartment, defendant grabbed two of the knives. She argued with Karl in the front room and then began walking down a hallway toward her baby's room.

Karl took a lamp and threw it in defendant's direction. Although the lamp shattered near her feet, defendant said she did not believe Karl was trying to hurt her with the lamp. After the lamp broke, defendant turned around and began swinging the knives. Karl then picked up a vacuum cleaner and "touched" her on the back with it. According to defendant's statement, the "touch" was "not hard, like . . . nothing that would hurt me." Yet defendant turned around and began swinging the knives again. After stabbing Karl in the chest, defendant ran to the fire station. She told O'Brien she did not sustain any injuries during the altercation.

An autopsy revealed that Karl sustained 26 stab wounds, 4 of them exceeding 2 inches in depth. The worst was a chest wound, six to seven inches deep, penetrating into Karl's heart. Karl also suffered a two-inch-deep wound to his right shoulder, a three-inch-deep wound to his right armpit, and a four-inch-deep wound to the back of his right shoulder.

Defendant asserted a self-defense theory at trial. Several witnesses testifying for defendant stated that Karl was a cocaine addict and a threatening individual with a violent temper. Karl's ex-wife testified that Karl was an abusive husband who became addicted to crack in the mid-1980s.

Defendant testified that Karl physically abused her during their six-month marriage, causing her to leave him two or three times. Defendant's testimony regarding the New Year's events differed slightly from her January 1, 1997, statement to Officer O'Brien. According to defendant's trial testimony, Karl began choking her with one hand after putting the knives on the bed. Defendant further testified that she then kneed Karl in the groin and went into the front room carrying the knives. Karl followed, took the lamp, and hit her in the back with it. After physically struggling with defendant and threatening to cut her throat, Karl picked up the vacuum cleaner and beat defendant on the back and head with it. Still holding the knives, defendant fell into a fetal position on the ground to protect her unborn child. At that point, Karl told defendant he was hurt, and it was then that defendant ran to the fire department. Defendant testified that she simply told the firefighters her husband was sick because she did not see any blood and because she was too far away from Karl to have stabbed him. She stated on cross-examination that she sustained bruises from being hit with the vacuum cleaner, contrary to her statement to Officer O'Brien.

The jury received instructions on first-degree murder (720 ILCS 5/9—1(a)(1), (a)(2) (West 1996)), second-degree murder (720 ILCS 5/9—2 (West 1996)), and involuntary manslaughter (720 ILCS 5/9—3

(West 1996)). Taken from IPI Criminal 3d No. 7.06A, the second-degree murder instruction stated in relevant part:

"To sustain either the charge of first degree murder or the charge of second degree murder, the State must prove the following propositions:

First Proposition: That the defendant performed the acts which caused the death of Karl A. Bogan; and

Second Proposition: That when the defendant did so, [she] knew that such acts created a strong probability of death or great bodily harm to Karl A. Bogan; [and]

Third Proposition: *That the defendant was not justified in using the force which [she] used.*

\* \* \*

You may not consider whether the defendant is guilty of the lesser offense of second degree murder until and unless you have first determined that the State has proved beyond a reasonable doubt each of the previously stated propositions.

*The defendant has the burden of proving by a preponderance of the evidence that a mitigating factor is present so that [she] is guilty of the lesser offense of second degree murder instead of first degree murder. By this I mean that you must be persuaded, considering all the evidence in this case, that it is probably more true than not true that the following mitigating factor is present: that the defendant, at the time [she] performed the acts which caused the death of Karl A. Bogan, believed the circumstances to be such that they justified the deadly force [she] used, but [her] belief that such circumstances existed was unreasonable.*

If you find from your consideration of all the evidence that the defendant has proved by a preponderance of the evidence that a mitigating factor is present so that [she] is guilty of the lesser offense of second degree murder instead of first degree murder, you should find the defendant guilty of second degree murder.

If you find from your consideration of all the evidence that the defendant has not proved by a preponderance of the evidence that a mitigating factor is present so that [she] is guilty of the lesser offense of second degree murder instead of first degree murder, you should find the defendant guilty of first degree murder." (Emphasis added.)

See IPI Criminal 3d No. 7.06A.

The jury also received instructions on the use of force in the defense of person (self-defense) (720 ILCS 5/7—1 (West 1996)) and the use of force by an aggressor (720 ILCS 5/7—4(c)(1) (West 1996)). The self-defense instruction stated:

"A person is justified in the use of force when and to the extent

that he reasonably believes that such conduct is necessary to defend himself against the imminent use of unlawful force.

However, a person is justified in the use of force which is intended or likely to cause death or great bodily harm only if he reasonably believes that such force is necessary to prevent imminent death or great bodily harm to himself."

See IPI Criminal 3d No. 24—25.06.

The use-of-force-by-aggressor instruction stated:

"A person who initially provokes the use of force against himself is justified in the use of force only if the force used against him is so great that he reasonably believes he is in imminent danger of death or great bodily harm, and he has exhausted every reasonable means to escape the danger other than the use of force which is likely to cause death or great bodily harm to the other person."

See IPI Criminal 3d No. 24—25.09.

The jury deliberated for five hours. During its deliberations, the jury sent the trial judge a note asking for a "ruling [as] to self-defense." With the attorneys' consent, the judge informed the jury that it was to decide the case based on the evidence submitted and instructions given. The jury subsequently returned a guilty verdict on the first-degree murder charge. Defendant's posttrial motion was denied, and she was sentenced to 38 years' imprisonment. Defendant filed this timely appeal.

Defendant's first argument is that IPI Criminal 3d No. 7.06A violates a criminal defendant's fourteenth amendment right to due process. See U.S. Const., amend. XIV. Specifically, defendant complains that IPI Criminal 3d No. 7.06A, as read, is unconstitutional in that it forces a defendant to prove himself guilty of second degree murder by placing on him the burden of proving a mitigating factor. Furthermore, according to defendant, "the instruction does not express the plain language of the statute defining the offense," the second-degree murder statute (720 ILCS 5/9—2 (West 1996)).

■ The second-degree murder statute states in pertinent part as follows:

"(a) A person commits the offense of second degree murder when he commits the offense of first degree murder *** and either of the following mitigating factors are present:

***

(2) At the time of the killing he believes the circumstances to be such that, if they existed, would justify or exonerate the killing under the principles stated in Article 7 of this Code, *but his belief is unreasonable.*

***

(c) When a defendant is on trial for first degree murder and evi-

dence of either of the mitigating factors defined in subsection (a) of this Section has been presented, *the burden of proof is on the defendant to prove either mitigating factor by a preponderance of the evidence before the defendant can be found guilty of second degree murder.* However, the burden of proof remains on the State to prove beyond a reasonable doubt each of the elements of first degree murder and, *when appropriately raised, the absence of circumstances at the time of the killing that would justify or exonerate the killing under the principles stated in Article 7 of this Code.* In a jury trial for first degree murder in which evidence of either of the mitigating factors defined in subsection (a) of this Section has been presented \*\*\*, the jury must be instructed that it may not consider whether the defendant has met his burden of proof with regard to second degree murder *until* and *unless* it has first determined that the State has proven beyond a reasonable doubt each of the elements of first degree murder." (Emphasis added.) 720 ILCS 5/9—2 (West 1996).

Article 7 of the Criminal Code of 1961 is entitled "Justifiable Use of Force; Exoneration." Self-defense and the use of force by aggressor are two of the defenses listed under Article 7. See 720 ILCS 5/7—1, 7—4(c)(1) (West 1996).

■ Our supreme court has upheld the constitutionality of the second-degree murder statute (720 ILCS 5/9—2 (West 1996)). *People v. Jeffries*, 164 Ill. 2d 104, 107 (1995). Before *Jeffries* was decided, several appellate court decisions had reached the same conclusion, finding that section 9—2 did not violate a defendant's due process rights. See, *e.g.*, *People v. Brown*, 218 Ill. App. 3d 890 (1991); *People v. Jerome*, 206 Ill. App. 3d 428 (1990); *People v. Buckner*, 203 Ill. App. 3d 525 (1990). The courts in all of these decisions relied on the United States Supreme Court decision in *Patterson v. New York*, 432 U.S. 197, 53 L. Ed. 2d 281, 97 S. Ct. 2319 (1977), wherein the Court approved a statute requiring a defendant charged with second-degree murder to prove by a preponderance of the evidence an affirmative defense of emotional disturbance in order to reduce the crime to manslaughter. In line with *Patterson*, the *Jeffries* court held, "The due process clause of the fourteenth amendment \*\*\* does not forbid a State from requiring a defendant to prove, by a preponderance of the evidence, the mitigation necessary to reduce the severity of a homicide charge." *Jeffries*, 164 Ill. 2d at 116. Based on *Jeffries* and *Patterson*, we reject defendant's fourteenth amendment due process argument that IPI Criminal 3d No. 7.06A unconstitutionally instructs the jury that the defendant bears the burden of proving a mitigating factor by a preponderance of the evidence.

We also reject defendant's argument that IPI Criminal 3d No.

7.06A fails to instruct a jury in accordance with section 9—2. IPI Criminal 3d No. 7.06A sets forth the elements of first-degree murder, then directs the jury to end its deliberations and return a not guilty verdict on the first-degree murder charge if it concludes that the State failed to prove each element beyond a reasonable doubt. If it concludes that the State sustained its burden as to each element, the jury is instructed to continue its deliberations and decide whether the defendant proved the existence of a mitigating factor so as to reduce a first-degree murder conviction to second-degree murder. IPI Criminal 3d No. 7.06A instructs the jury, "You may not consider whether the defendant is guilty of the lesser offense of second degree murder *until* and *unless* you have first determined that the State has proved beyond a reasonable doubt each of the previously stated propositions." (Emphasis added.)

IPI Criminal 3d No. 7.06A next states, "The defendant has the burden of proving by a preponderance of the evidence *** that the following mitigating factor is present: that the defendant, at the time he performed the acts which caused the death of _____, believed the circumstances to be such that they justified the deadly force he used, but his belief that such circumstances existed was unreasonable." The instruction directs the jury to find the defendant guilty of second-degree murder if it determines that the defendant proved the existence of a mitigating factor by a preponderance of the evidence; if not, the instruction directs the jury to find the defendant guilty of first-degree murder. Thus, contrary to defendant's assertion, we conclude that IPI Criminal 3d No. 7.06A accurately states the law of second-degree murder.

Defendant's reliance on *People v. Reddick*, 123 Ill. 2d 184 (1988), is misplaced. In *Reddick*, the court reversed the murder convictions of two defendants, since their jury instructions incorrectly stated the law of voluntary manslaughter. *Reddick*, 123 Ill. 2d at 203-04. The General Assembly, however, abolished the offense of voluntary manslaughter in 1987 and replaced it with the offense of second-degree murder. Pub. Act 84—1450, eff. July 1, 1987. As we have already found, IPI Criminal 3d No. 7.06A accurately instructs a jury as to second-degree murder. *Reddick*, therefore, is inapplicable to the instant case.

Defendant also complains that IPI Criminal 3d No. 7.06A is lacking in that it fails to provide the jury with a "clear statement that the State [has] the burden to disprove defense of self or provocation beyond a reasonable doubt." (We will ignore defendant's reference to the defense of provocation (720 ILCS 5/9—2(a)(1) (West 1996)), since defendant did not assert that defense at trial and since IPI Criminal 3d No. 7.06A by its terms does not cover provocation.) Defendant's argu-

ment overlooks the portion of IPI Criminal 3d No. 7.06A instructing the jury of the State's burden to prove beyond a reasonable doubt "[t]hat the defendant was *not justified* in using the force which he used." (Emphasis added.) A person is justified in the use of deadly force only if he or she *reasonably* believes that such force is necessary to prevent imminent death or great bodily harm. 720 ILCS 5/7—1 (West 1996). As stated in *Brown*, "If evidence of self-defense is raised, the State has the burden of proving beyond a reasonable doubt that the defendant did not have a reasonable belief in the necessity of using deadly force." *Brown*, 218 Ill. App. 3d at 898. By instructing the jury that the State bears the burden of proving beyond a reasonable doubt that the force defendant used was "not justified," IPI Criminal 3d No. 7.06A adequately states the proof necessary for the State to negate a claim of self-defense.

Defendant also contends that her attorney's proposal of IPI Criminal 3d No. 7.06A constituted ineffective assistance of counsel. However, since section 9—2 is constitutional, and since IPI Criminal 3d No. 7.06A accurately instructs a jury in accordance with section 9—2, defendant's trial counsel could not have been ineffective for proposing IPI Criminal 3d No. 7.06A.

■ Next, defendant asserts in a one-sentence argument that we should reduce her conviction to second-degree murder and remand the case for resentencing. Defendant does not provide any reasons why her conviction should be reduced, and she even fails to identify the precise legal question at issue (*i.e.*, whether she believed, albeit unreasonably, the use of deadly force was necessary). Supreme Court Rule 341(e)(7) (177 Ill. 2d R. 341(e)(7)) provides that arguments made in support of issues raised on appeal "shall contain the contentions of the appellant and the reasons therefor, with citations of *** the pages of the record relied on." Based on defendant's failure to comply with Rule 341(e)(7), we deem defendant's argument waived. See *People v. Sauer*, 177 Ill. App. 3d 870, 881 (1988).

■ Finally, we grant the State's request to assess the sum of $50 against defendant as costs for this appeal. See 55 ILCS 5/4—2002(a) (West 1998); *People v. Nicholls*, 71 Ill. 2d 166, 173-76 (1978); *People v. Flynn*, 291 Ill. App. 3d 512, 524-25 (1997).

For the foregoing reasons, defendant's conviction in the circuit court of Kane County is affirmed.

Affirmed.

INGLIS and RAPP, JJ., concur.