No. 2-13-1266
Opinion filed December 23, 2015

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of McHenry County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 08-CF-695 |
| RICKY L. McGUIRE, | ) ) | Honorable Gordon E. Graham, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HUDSON delivered the judgment of the court, with opinion.
Justices McLaren and Birkett concurred in the judgment and opinion.

**OPINION**

¶ 1     Defendant, Ricky L. McGuire, appeals from the dismissal of his *pro se* petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2012)).  On appeal, rather than contending that his postconviction petition was dismissed in error, defendant contends that his conviction is void and must be reversed.  We affirm.

¶ 2                                  I. BACKGROUND

¶ 3     Following a jury trial, defendant was convicted of aggravated operating a watercraft under the influence of alcohol in violation of section 5-16(A)(1) of the Boat Registration and Safety Act (the Boat Act) (625 ILCS 45/5-16(A)(1) (West 2008)).  On November 12, 2010, the trial court sentenced him to a 10-year prison term.

¶ 4    On direct appeal, defendant argued that he was denied due process when the jury received conflicting instructions on proximate cause and that his sentence was excessive. *People v. McGuire*, 2011 IL App (2d) 101248-U. We affirmed. We found that defendant forfeited the instruction issue because he failed to provide a complete record on appeal and that defendant forfeited plain-error review by failing to ask for it. *Id*. ¶¶ 15-16. Nevertheless, we found that, to the extent that the instruction at issue was error, it was harmless. *Id*. ¶ 17. We noted that, to prove defendant guilty of Class 2 felony operating a watercraft while under the influence, the State was not required to prove that defendant's act was the proximate cause of the victim's death; rather, it was required to prove only that defendant's act " 'result[ed] in the death of a person.' [Citation.]" *Id*. Thus, we found that any error favored defendant because it required the jury to find the additional element of proximate cause, which was not required under the statute. *Id*. ¶ 18.

¶ 5    Defendant filed a *pro se* petition for leave to appeal, which was denied. *People v. McGuire*, No. 113689 (Ill. Mar. 28, 2012).

¶ 6    On June 21, 2013, defendant filed a *pro se* postconviction petition under the Act (725 ILCS 5/122-1 *et seq.* (West 2012)). The State moved to dismiss. On November 22, 2013, the trial court dismissed the petition, finding that the petition was untimely and that defendant failed to allege sufficient facts to establish that any delay was not due to his culpable negligence. See 725 ILCS 5/122-1(c) (West 2012). The court further found that seven of defendant's eight claims were barred by *res judicata* and that his remaining claim, alleging ineffectiveness, failed due to lack of prejudice.

¶ 7    Defendant timely appealed.

¶ 8                                II.  ANALYSIS

¶ 9    On appeal, rather than contending that his postconviction petition was dismissed in error, defendant contends that his conviction is void and must be reversed.  Specifically, defendant maintains that section 5-16(A)(1) of the Boat Act was impliedly repealed by the more recently amended section 11-501 of the Illinois Vehicle Code (Vehicle Code) (625 ILCS 5/11-501 (West 2008)), which "speak to the operation of a watercraft" and "irreconcilably conflicts" with the relevant provisions of the Boat Act.  Thus, according to defendant, his conviction is void.

¶ 10    In response, the State first contends that defendant's petition was properly dismissed as untimely under the Act and, further, that defendant forfeited his present argument by failing to raise it in his petition.  On the merits, the State argues that the two provisions do not conflict, as they do not relate to the same subject matter.

¶ 11    Defendant concedes that his petition was properly dismissed as untimely, but he contends that he may properly challenge his conviction as void for the first time on appeal.  The State argues (assuming that defendant's substantive argument has merit) that the judgment here is not void, because, even if the court had "made a mistake" in entering a conviction, the court's error did not divest it of jurisdiction.

¶ 12    Very recently, in *People v. Castleberry*, 2015 IL 116916, the supreme court made clear that, even in a criminal case, a judgment is void only if the court lacked jurisdiction, which consists of only two elements: subject matter jurisdiction and personal jurisdiction.  *Id.* ¶ 12. Subject matter jurisdiction, which is the element at issue here, "refers to a court's power to hear and determine cases of the general class to which the proceeding in question belongs. [Citation.]"  (Internal quotation marks omitted.)  *Id.*  More specifically, an Illinois circuit court has subject matter jurisdiction over any "justiciable matter, *i.e.*, a controversy appropriate for review by the court, in that it is definite and concrete, as opposed to hypothetical or moot,

touching upon the legal relations of parties having adverse legal interests. [Citation]." (Internal quotation marks omitted.) *Id.* ¶ 15. "[W]hile the legislature can create new justiciable matters by enacting legislation that creates rights and duties, the failure to comply with a statutory requirement or prerequisite does not negate the circuit court's subject matter jurisdiction. [Citation]." (Internal quotation marks omitted.) *Id.*

¶ 13    Here, it is arguable that the State's charge that defendant committed aggravated operating a watercraft under the influence of alcohol presented a "justiciable matter," *i.e.*, a definite and concrete controversy appropriate for review by the court, regardless of whether the statute defining that offense was valid. But it is arguable also that the charge presented a "justiciable matter" only because, by enacting section 5-16(A)(1) of the Boat Act, the legislature *created* that justiciable matter, which, if that statute were repealed, no longer existed. We need not decide this issue, however. As we explain, section 5-16(A)(1) of the Boat Act was not repealed. Thus, in any event, the trial court had subject matter jurisdiction and its judgment is not void.

¶ 14    Defendant argues that section 5-16(A)(1) of the Boat Act irreconcilably conflicts with section 11-501(d)(1)(F) of the Vehicle Code, as "both provisions *** punish the operation of a watercraft under the influence, where a death occurs, as a Class 2 offense, but only one [(section 11-501(d)(1)(F) of the Vehicle Code)] requires proof that the offense proximately caused the death of another." Thus, according to defendant, section 5-16(A)(1) of the Boat Act was repealed by implication.

¶ 15    "Our primary objective in construing a statute is to ascertain and give effect to the intention of the legislature, and to this end all other rules of construction are subordinate. [Citations.] We determine intent by reading the statute as a whole and considering all relevant parts. [Citation.] When the language is unambiguous, the law is to be enforced as enacted by

the legislature. [Citation.] Where two statutes are allegedly in conflict, a court has a duty to interpret the statutes in a manner that avoids an inconsistency and gives effect to both statutes, where such an interpretation is reasonably possible. [Citation.]" *Barragan v. Castco Design Corp.*, 216 Ill. 2d 435, 441-442 (2005). This court presumes that the legislature would not enact a law that completely contradicts an existing law without expressly repealing the existing law. *Moore v. Green*, 219 Ill. 2d 470, 479 (2006). " 'For a later enactment to operate as a repeal by implication of an existing statute, there must be such a manifest and total repugnance that the two cannot stand together.' " *Id*. (quoting *Jahn & Troy Fire Protection District*, 163 Ill. 2d 275, 280 (1994)).

¶ 16    We begin by setting out the relevant language of each provision. First, at the time of the offense, section 5-16(A)(1)(a) of the Boat Act provided in pertinent part as follows:

"(A)(1) A person shall not operate or be in actual physical control of *any watercraft* within this State while:

(a) The alcohol concentration in such person's blood or breath is a concentration at which driving a motor vehicle is prohibited under subdivision (1) of subsection (a) of Section 11-501 of the Illinois Vehicle Code[.]" (Emphasis added.) 625 ILCS 45/5-16(A)(1)(a) (West 2008).

Section 5-16(A)(5) of the Boat Act further provided:

"(5) Every person convicted of violating this Section shall be guilty of a Class 2 felony if the offense *results in the death of a person*. A person guilty of a Class 2 felony under this paragraph 5, if sentenced to a term of imprisonment, shall be sentenced to a term of not less than 3 years and not more than 14 years." (Emphasis added.) 625 ILCS 45/5-16(A)(5) (West 2008).

¶ 17 Section 11-501 of the Vehicle Code, which had been amended more recently than the Boat Act, provided, in pertinent part, as follows:

"(a) A person shall not drive or be in actual physical control of *any vehicle* within this State while:

(1) the alcohol concentration in the person's blood or breath is 0.08 or more based on the definition of blood and breath units in Section 11-501.2;

* * *

(d) Aggravated driving under the influence of alcohol, other drug or drugs, or intoxicating compound or compounds, or any combination thereof.

(1) Every person convicted of committing a violation of this Section shall be guilty of aggravated driving under the influence of alcohol, other drug or drugs, or intoxicating compound or compounds, or any combination thereof if:

* * *

(F) the person, in committing a violation of subsection (a), was involved in a motor vehicle, snowmobile, all-terrain vehicle, or *watercraft accident* that resulted in the death of another person, when the violation of subsection (a) was a *proximate cause* of the death;

* * *

[(2)] (G) A violation of subparagraph (F) of paragraph (1) of this subsection (d) is a Class 2 felony, for which the defendant, unless the court determines that extraordinary circumstances exist and require probation, shall be sentenced to: (i) a term of imprisonment of not less than 3 years and not more than 14 years if the violation resulted in the

death of one person; or (ii) a term of imprisonment of not less than 6 years

and not more than 28 years if the violation resulted in the deaths of 2 or

more persons."  (Emphasis added.) 625 ILCS 5/11-501 (West 2008).

¶ 18    Defendant contends that, because both section 5-16(A)(5) of the Boat Act and section 11-501(d)(1)(F) the Vehicle Code "speak to the operation of a watercraft" with a resulting death, there is no reason to suppose that the legislative intent concerning a proximate-cause requirement differs with respect to the Boat Act.  According to defendant, by "specifically covering" watercraft accidents resulting in death in section 11-501(d)(1)(F) of the Vehicle Code, and by including a proximate-cause element, the legislature implicitly superseded and repealed section 5-16(A)(5) of the Boat Act.

¶ 19    The State responds that the statutes do not irreconcilably conflict, because the plain language of section 11-501(a) of the Vehicle Code makes clear that, contrary to defendant's argument, it does not govern the operation of a watercraft.  We agree.  A person violates section 11-501(a) of the Vehicle Code if he drives or is in actual physical control of "any vehicle" while under the influence of alcohol.  625 ILCS 5/11-501(a) (West 2008).  "Vehicle" is defined in section 1-127 of the Vehicle Code as:

"Every device, in, upon or by which any person or property is or may be transported or

drawn upon a highway or requiring a certificate of title under Section 3-101(d) of this

Code, except devices moved by human power, devices used exclusively upon stationary

rails or tracks and snowmobiles as defined in the Snowmobile Registration and Safety

Act." 625 ILCS 5/1-217 (West 2008).

As the State points out, a person or property could be transported or drawn upon a highway by a watercraft on a trailer, but not by a watercraft alone.  Further, a watercraft does not require a

certificate of title under section 3-101(d) of the Vehicle Code, as that section applies to all-terrain vehicles or off-highway motorcycles purchased on or after January 1, 1998. *See* 625 ILCS 5/3-101(d) (West 2008). Moreover, a watercraft has its own definition. Section 1-2 of the Boat Act defines "watercraft" as follows:

> " 'Watercraft' means every description of watercraft used or capable of being used as a means of transportation on water, except a seaplane on the water, innertube, air mattress or similar device, and boats used for concession rides in artificial bodies of water designed and used exclusively for such concessions." 625 ILCS 45/1-2 (West 2008).

Although "watercraft" are not specifically excluded from the definition of "vehicle" as are snowmobiles, we see no reason why it would need to be, given the fact that watercraft do not fall under the definition. The plain language of the statute makes clear that watercraft are not vehicles. To the contrary, a snowmobile, but for the exclusion, would fall under the definition of vehicle as it is capable of transporting a person upon a highway.

¶ 20 Nevertheless, according to defendant, the critical flaw in the State's argument is its failure to explain how a vehicle on a highway could be involved in a "watercraft accident," as expressly set out in section 11-501(d)(1)(F) of the Vehicle Code. 625 ILCS 5/11-501(d)(1)(F) (West 2008). Admittedly, it is not clear how a vehicle could be involved in a "watercraft accident," but it is worth noting that section 11-501(d)(1)(F) also references "snowmobile" accidents, when snowmobiles are specifically excluded. In any event, we must presume that the legislature would not enact a conflicting law without expressly repealing an existing law. It is our duty to interpret the statutes to give effect to both. Given that the plain language of section 11-501(a) of the Vehicle Code makes clear that watercraft do not fall under the definition of vehicle and thus that it does not govern the operation of watercraft, the reference to "watercraft

accident" in section 11-501(d)(1)(F) does not establish a conflict with section 5-16(A)(5) of the Boat Act such that both cannot stand.

¶ 21                                    III.  CONCLUSION

¶ 22    For the reasons set forth above, we find that defendant's conviction is not void, and we affirm the dismissal of his postconviction petition.  As part of our judgment, we grant the State's request that defendant be assessed $50 as costs for this appeal.  55 ILCS 5/4-2002(a) (West 2014); see also *People v. Nicholls*, 71 Ill. 2d 166, 179 (1978).

¶ 23    Affirmed.